Hillsborough,
No. 4367.

EVANGELINE GUGGENHEIMER *v.* FRED S. GUGGENHEIMER.
(NOW EVANS)

Argued February 1, 1955.

Decided March 11, 1955.

The libelant, *pro se,* furnished no brief.

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the libelee.

KENISON, C. J.   The principal issue in this case is whether the Superior Court in a divorce proceeding has the power to order a father to provide a fund for the support of his minor children which will be effective after his death and binding on his estate. There is considerable conflict in the decisions of other jurisdictions due in a large measure to the diverse statutory provisions that exist in the various states.   2 Nelson, Divorce and Annulment (2d *ed.*) *s.* 14.91; anno. 18 A. L. R. (2d) 1126.   The issue has never been resolved in this state but is squarely raised in this proceeding.   See *Leclerc* v. *Leclerc,* 85 N. H. 121, 122.

We start with the basic proposition that the power to make allowances for the support of minor children is wholly statutory. *Salta* v. *Salta,* 80 N. H. 218; *Kennard* v. *Kennard,* 81 N. H. 509. The Superior Court sitting as a divorce court has no independent equity jurisdiction over allowances for support of minor children. *Trow* v. *Trow,* 95 N. H. 529.   The statute authorizing allowances for support and education of children is general in its terms (R. L., c. 339, *s.* 15) and the court may order that money or property be placed in trusteeship (*s.* 17) or may decree that security or bond

be given to assure the payment thereof (*s.* 18). While these statutory provisions contain no express authority for making support orders binding on the husband's estate, similar provisions elsewhere have been held broad enough to allow it. Several jurisdictions follow the early leading case of *Miller* v. *Miller,* 64 Me. 484, in allowing orders for the support of children to be made binding on the estate of the father. "Death of the father required to support his children does not necessarily terminate the allowance made for their support . . . The divorce decree may compel the husband, in a proper case, to give security for the support of his children, so as to bind his estate." 2 Nelson, Divorce and Annulment (2nd *ed.*) *s.* 14.91.

Since death usually terminates alimony (*Robertson* v. *Brewer,* 88 N. H. 455), it is urged that the same rule should apply to support orders for children. However in that case the court said (*p.* 456): "Whether a decree specifically requiring the payment of alimony during the life of the wife may be enforced after the death of the husband, as in *Farrington* v. *Company,* 280 Mass. 121, is a question upon which no opinion is expressed." Likewise in *Leclerc* v. *Leclerc,* 85 N. H. 121, 123, the court qualified the general rule in the following language: "If an order for the payment of alimony does survive the death of the payor, the power of the court to revise or modify the order ought in reason to persist and the statute above referred to (P. L., *c.* 287, *s.* 12) [now R. L., *c.* 339, *s.* 12] would no doubt be effective to accomplish this result." It would appear that our statutes permitting allowances for the support of minor children and awards of alimony do not preclude making an order during the life of the father binding on his estate if there is occasion to do so. Anno. 18 A. L. R. (2d) 1126. Of course there will be many cases where "a sense of justice does not call so loudly, or at all, for a decision that the obligation for support should continue after the father's death." *Id.,* 1128. A case of this nature which illustrates that point is *Gardine* v. *Cottey,* 360 Mo. 681.

It is urged that since R. L., *c.* 353, *s.* 19 V provides that an estate is chargeable with the "support and maintenance of infant children . . . until they arrive at the age of seven years, if the estate is in fact solvent," this indicates that an estate should not be liable for support of minor children over seven years of age. *Dolloff* v. *Dolloff,* 67 N. H. 512. This statute applies to the estate of every father whether married or divorced and was not intended

to limit the authority of the court in divorce proceedings.

The argument is made that such an order destroys the father's right of testamentary disposition. While any court order calling for the payment of money in a gross sum or in periodic payments necessarily affects the amount that a person can give away by will, it is not for that reason invalid. In effect the children become judgment creditors by force of the decree for support and this is a contingency that rightfully limits any testamentary disposition. The principle that a man must be just before he is generous applies to divorce proceedings.

Examination of the records supports the Court's decree for custody and support. There is no indication that the Court has considered extraneous matters which would result in a ruling that there had been an abuse in discretion as in *Kennard* v. *Kennard*, 87 N. H. 320. The fact that the children's grandfather and others had established trust funds which could be used for the minor children in the event of the libelee's death did not preclude the Court from requiring the libelee to provide for the present support of the children. While the right to have access to one's children is an important one, and should not be jeopardized without good reason, (*Butler* v. *Butler*, 83 N. H. 413) we cannot say that the Court was in error in allowing the children to be with their mother even though she was temporarily residing in Alaska. The Court has a wide discretion in determining the amount that a father shall be required to contribute for the support of his family (*Ballou* v. *Ballou*, 95 N. H. 105) and we cannot say as a matter of law that there has been an abuse of discretion in this case. *Benjamin* v. *Benjamin*, 99 N. H. 117.

*Exceptions overruled.*

All concurred.