Strafford,
No. 4874.

BEATRICE T. STETSON *v.* KENNETH A. STETSON.

Argued April 4, 1961.

Decided May 31, 1961.

*Fisher, Parsons & Moran (Mr. Moran* orally), for the plaintiff.

*Fuller, Flynn & Riordan* and *John C. Driscoll (Mr. Driscoll* orally), for the defendant.

KENISON, C. J. It is a familiar rule in this jurisdiction that the power of the Superior Court to award custody of minor children and to make provisions for the support of the wife and the children is wholly statutory, and that the court has no independent equity jurisdiction. *Kennard* v. *Kennard,* 81 N. H. 509; *Salta* v. *Salta,* 80 N. H. 218; *Guggenheimer* v. *Guggenheimer,* 99 N. H. 399. The authority of the Superior Court to make orders for the custody and maintenance of minor children where the parents are living apart, as in this case, is granted by RSA 458:35. "SUPPORT OF CHILDREN. In cases where husband and wife are living apart the court, upon petition of either party, may make such order as to the custody and maintenance of the children as justice may require; and all appropriate provisions of this chapter shall apply to such proceedings." This is a valid statute. *Benjamin* v. *Benjamin,* 99 N. H. 117, 118. As was pointed out in *Trow* v. *Trow,* 95 N. H. 529, the court may make orders for custody and maintenance of the minor children, where the parents are living apart, although the divorce is denied. See *Powell* v. *Powell,* 97 N. H. 301.

In the present case it is clear that the wife was a resident of this state, that she is living apart from her husband, that the children are within the jurisdiction of this state and under RSA 458:35 the court has authority to make orders for custody and support of the children even though the divorce is denied or the proceedings temporarily halted. Anno. 151 A. L. R. 1380; 2 Nelson, Divorce and Annulment (2d *ed.* 1960 supp.) *s.* 15.34, *p.* 220. See *Walker* v. *Van Der Haas,* 102 N. H. 166, 169.

RSA 458:31 which provides for separate support is in part as follows: " . . . whenever a cause is in existence which is, *or if continued will be, a cause for divorce,* the superior court, upon petition and such procedure thereon as in divorce cases . . . may grant temporarily or permanently the custody, care, education and

maintenance of their minor children, if any, and may make reasonable allowance for support . . . . " (Italics supplied). This provision is aimed at providing relief in those cases where a divorce is not desired by the wronged party or where the wrongs entitling the plaintiff to a divorce are uncompleted because the required period of continuance of a cause for divorce has not elapsed. *Eckstrom* v. *Eckstrom*, 98 N. H. 177. In this case the wife's allegation of abandonment and refusal to cohabit states a cause for divorce which will not mature until July 1961. RSA 458:7 IX (supp); Laws 1957, c. 67. During this period the Superior Court is authorized to make orders for support of the wife as well as the children while the cause for divorce is maturing. If the libel is treated as a petition for separate support, whether the wife will be able to establish the requisite domicile and proof of the matured cause for divorce will be matters of proof at the proper time. *Payson* v. *Payson*, 34 N. H. 518; *Sworoski* v. *Sworoski*, 75 N. H. 1; *Van Rensselaer* v. *Van Rensselaer*, 103 N. H. 23, 24.

The denial of a divorce did not preclude the Court from granting a continued hearing on the questions of custody and support of the minor children and the wife. Accordingly the order is

*Exceptions overruled.*

All concurred.