Rockingham,
No. 5726.

EVELYN PINDAR

*v.*

VERNON PINDAR.

Argued May 7, 1968.
Decided May 29, 1968.

*John B. Ford* ( orally ), for the plaintiff.

*Shaw & Eldredge* ( *Mr. Carleton Eldredge* orally ), for the defendant.

GRIMES, J. The Trial Court after hearing evidence denied the defendant's moton for modification of a divorce decree with respect to support payments based on the fact that the minor child had married. The defendant's exception to this denial was transferred by *Loughlin,* J.

The parties were divorced by decree dated April 21, 1965. That part of the decree which related to custody and support was entered in accordance with a stipulation of the parties. It provides as follows:

"1. Libellee shall pay to libellant Two Hundred Dollars ( $200.00 ) per month until the minor child, Daphne, reaches the age of twenty-one ( 21 ) or finishes her schooling, whichever is later, and for three years thereafter. The parties agree to treat the Two Hundred Dollars ( $200.00 ) as support for the minor child until she becomes twenty-one ( 21 ) and that libellee shall be entitled to the tax exemption for the child.

"2. Libellant shall have custody of the minor child and libellee shall have reasonable rights of visitation."

The minor daughter of the parties was married in June 1967,

just before reaching the age of twenty and did not complete her junior college education which she had been pursuing since the fall of 1966. She and her husband are both employed but she is also attending business school. There was still $474 due on her junior college tuition at the time of hearing. The plaintiff is employed with a take-home pay of $97 or $100 per week. She testified that she had been compelled to sell her home to make ends meet while the daughter was in college. There has been no change in the circumstances of the defendant since the original decree.

The issue is whether the marriage and employment of the daughter in and of themselves entitled the defendant to a termination of the support order as a matter of law. We hold that it does not.

While for tax purposes the parties agreed that payments would be treated as support for the child until she became twenty-one years old, the undertaking of the defendant ran to the plaintiff and was to continue for three years after the daughter reached the age of twenty-one years or completed her schooling "whichever is later." Whichever of these two events occurred later simply marked the time when the three-year period would begin to run and it was the obvious intention of the parties that the obligation of the defendant to the plaintiff would continue for at least three years after the fixed date when the child became twenty-one and longer if she had not completed her schooling.

We hold therefore that the marriage of the daughter and her employment where there were no other changes in the circumstances of the parties did not, as a matter of law, entitle the defendant to a modification of the order.

*Exception overruled.*

All concurred.