Belknap
No. 6950

ANN J. HASTINGS

v.

ELLIOT P. HASTINGS

November 29, 1974

*John B. Ford,* by brief and orally, for the plaintiff.

*Snierson, Chandler & Copithorne (Mr. Bernard I. Snierson* orally) for the defendant.

GRIMES, J. The question before this court is whether the legislative change in the age of majority from twenty-one years to eighteen years affects a support agreement to pay support during the minority of the children made prior to the statutory change.

At a hearing before a Master *(Leonard C. Hardwick,* Esq.), on December 10, 1973, the master found that "the parties intended that the support of the children . . . was to continue until each child attained the age of twenty-one." In accordance with the master's report, the superior court approved his recommendation and ordered a final judgment to which the defendant excepted. The Trial Court *(Keller,* C.J.) subsequently reserved and transferred all questions of law seasonably raised.

On March 31, 1967, prior to a divorce in Germany where

they were temporarily residing, the parties entered into a separation agreement. That agreement provided "the child support obligation shall be reduced pro rata when any child reaches his twenty-first birthday . . . ." A divorce decree was later secured in Germany.

Thereafter, the wife and three children moved to Amherst, Massachusetts, and the husband moved to Laconia, New Hampshire. In January 1971, the wife brought an action at law in New Hampshire alleging that the defendant husband failed to comply with the original separation agreement. An out-of-court settlement was reached in a new agreement dated February 29, 1972, which replaced the initial arrangement. This new agreement provided that Elliot P. Hastings should pay his wife for "support maintenance of the said minor children the sum of two hundred dollars ($200) per child per month . . . to continue during the minority of said children . . . ." or until prior thereto the children are no longer dependent for their support.

At the hearing plaintiff testified without objection that she understood that the new agreement meant that the child-support payments were to terminate when the children reached twenty-one. She further testified she believed that at the time the new agreement was struck "[t]he reference being the age majority at the time was twenty-one. To me, they were interchangeable." Defendant also stated at the hearing, "I understood at the time the word minority to mean somebody who was under the age of twenty-one."

After the new agreement was reached but prior to the December 10, 1973 hearing, a New Hampshire statute became effective lowering the age of majority from twenty-one to eighteen years of age. RSA 21:B-1 (Supp. 1973). The Commonwealth of Massachusetts also enacted similar legislation effective January 1, 1974. On January 14, 1973, the oldest of the three Hastings children became eighteen. Defendant now asserts his obligation under the new support agreement should be terminated in respect to this child since she is no longer in her "minority".

On the record of this case none of the evidence suggests that either the original separation agreement or the subsequent agreement were ever incorporated into the German

divorce decree. H. Clark, Jr., Law of Domestic Relations § 16.12, at 556 (1968). Moreover, this final agreement stands independent of the divorce decree as a contract for support. 2 W. Nelson, Divorce and Annulment § 14.77 (1961 rev. ed., Supp. 1968).

Interpretation of support agreements in this State is made in light of the parties' intentions. *Pindar v. Pindar,* 109 N.H. 76, 242 A.2d 76 (1968). These intentions are revealed by inquiring what the parties meant who used them. *Hamblett v. (Hamblett) Lewis,* 114 N.H. 258, 319 A.2d 629 (1974). Since both parties testified that the term "minority" in the support agreement meant support was to cease at the age of twenty-one, the master had substantial evidence on which to base his finding that support was to continue under the agreement until each child reached twenty-one years of age.

Defendant, however, contends that legislative enactments reducing the period of minority from twenty-one to eighteen years of age prohibits support for longer than this new period of minority under the law. In support of his position he recites a number of cases most of which involve divorce decisions encompassing court orders for support payments rather than independent support contracts. *See Price v. Price,* 51 Mich. App. 656, 215 N.W.2d 756 (1974); *Ruhsam v. Ruhsam,* 21 Ariz. App. 101, 515 P.2d 1199 (1973); *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 299 (1972). Legislative enactments in those cases were found to limit the courts' power to order decrees for support beyond eighteen years of age. The case before us is in a different posture. According to the master's interpretation, the parents in the support agreement have contracted to support their children until the children reach twenty-one years of age regardless of when the State determined the parents' legal obligation of support terminates. Contracts like these are contrary neither to public policy nor the law and are enforceable. *Collins v. Collins,* 418 S.W.2d 739 (Ky. 1967).

*Defendant's exception overruled; judgment for the plaintiff.*

All concurred.