Merrimack
No. 7478

JOANNE D. WALKER

v.

SHELBY A. WALKER

November 30, 1976

*Hall, Morse, Gallagher & Anderson (Mr. Charles T. Gallagher or-*
ally) for the plaintiff.

*Branch & Tobin (Mr. Robert D. Branch orally) for the defendant.*

GRIFFITH, J. The plaintiff's petition seeking to have the
defendant ordered to continue support payments for Lee Ann
Walker, one of the parties' children who became eighteen years of
age on April 16, 1975, was granted by the Superior Court
(*Johnson,* J.). All questions of law raised by the defendant's excep-
tions thereto were reserved and transferred.

The parties were divorced on December 5, 1972, by a decree
which ordered the father to pay the sum of $50 per week per
child support and $50 per week for alimony. The decree specifies
that child support is to continue until "the children are emanci-
pated or reach age twenty-one, whichever shall occur first."

Neither of the specified conditions has in fact occurred in re-
gard to Lee Ann Walker but, effective June 3, 1973, the legisla-
ture enacted RSA 21:44 (Supp. 1975) and RSA 21-B:1 (Supp.
1975), which reduced the age of majority in this jurisdiction from
twenty-one to eighteen years. Laws 1973, 72:73. The father takes

the position that a child who has reached eighteen years has become emancipated "by operation of law" by virtue of these statutes and that consequently his duty of support is terminated under the decree.

We do not agree to this interpretation of the term "emancipated." The decree specifically discussed the effect of the children's attainment of majority by its reference to the reaching of age twenty-one. This phrase would have been superfluous if coming of age had been contemplated within the meaning of emancipation. "It necessarily follows that a general reference to emancipation . . . in the same sentence as a reference to the 'age of 21 years' is either redundant or must be interpreted to be a reference to emancipation in fact." *Reedy v. Reedy,* 532 P.2d 626, 629, 12 Wash. App. 844, 848 (1975).

The trial court found that "[i]t was the intention of the Court at the time of the decree that Mr. Walker, who himself holds a responsible position and has a rather substantial income, provide for [these children's] . . . education . . . . The change in the age of majority in New Hampshire should have no effect on this obligation . . . and it was not so intended at the time of the decree." We concur in this interpretation. *See Hastings v. Hastings,* 114 N.H. 778, 328 A.2d 782 (1974).

The defendant also recognizes that the original intent of the decree was to provide for the children's college education regardless of fluctuations in the age of majority. He argues, however, that despite this purpose, the result for which he contends is a necessary consequence of the action taken by the legislature. Inquiry into the history of Laws 1973, 72:73 sheds little light on the legislative intent as to the effect which the change in majority was to have on the existing support decrees. We note, however, that when dealing with the analogous question of welfare aid to dependent children, the house specifically decided that the age of eligibility should remain at twenty-one. N.H.S. Jour. 618 (1973). In any case, we doubt that the legislature intended to upset the balanced equities in divorce decrees, and we hold that in the absence of any clear showing of intent by the legislature that the statute was to have retroactive effect, the presumption in favor of prospective application must prevail. *Mihoy v. Proulx,* 113 N.H. 698, 313 A.2d 723 (1973); *Yaeger v. Yaeger,* 303 Minn. 497, 229 N.W.2d 137 (1975).

The effect of the change of majority upon preexisting decrees has been considered in a number of jurisdictions, and the results

have not been consistent. However, many of the decisions which have limited the payment of support to age eighteen have been based on statutes, unlike New Hampshire's, which specifically restrict the jurisdiction of the superior court in ordering support to the children's minority. *See, e.g., Baril v. Baril,* 354 A.2d 392 (Me. 1976).

*Exceptions overruled.*

BOIS, J., did not sit; the others concurred.