Merrimack
No. 78-230

BRUCE A. LOCKE

v.

JOANNE L. LADD

March 7, 1979

*Harold E. Ekstrom*, of Concord, by brief and orally, for the plaintiff.

*Perkins, Upshall & Robinson P.A.*, of Concord (*Barbara B. DeHart* orally), for the defendant.

GRIMES, J.  This case began with a petition by Bruce A. Locke under RSA 460:29 (Supp. 1977), seeking to legitimate a child born to Joanne L. Ladd in October 1974. He alleged that he and Joanne had lived as husband and wife since 1970, and had always represented the child as theirs. He further alleged that the parties separated in May 1978, that he has furnished support for the child since the separation, but that Joanne has refused to cooperate in establishing visitation rights for the child. Defendant admits that plaintiff is the father of the child, and that they lived together and represented that the child was theirs. She contends, however, that RSA 460:29 (Supp. 1977) violates both the Federal and State Constitutions in that it affords rights to the father that are not afforded to the mother.

The Court (*DeClerico*, J.) transferred without ruling the following questions:

> (A) Whether the provisions of New Hampshire Revised Statutes Annotated 460:29 are in violation of the Four-teenth Amendment to the United States Constitution and of

Part First, Article Second of the New Hampshire Constitution; and

(B) Whether it is within the discretion of the Court under New Hampshire Revised Statutes Annotated 460:29 to issue orders relating to child support and visitation rights.

The equal protection clauses of the fourteenth amendment to the Constitution of the United States and of part I, article 2 of the New Hampshire Constitution do not require complete equality, but they do require that persons similarly situated be similarly treated. *See Opinion of the Justices*, 115 N.H. 222, 223 (1975); *Belkner v. Preston*, 115 N.H. 15, 332 A.2d 168 (1975). If the persons are not similarly situated, however, no equal protection problem is involved. *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

RSA 460:29 (Supp. 1977) provides that a putative father of a child born out of wedlock may apply to have the child declared legitimate. It further provides that the effect of such a declaration is "to impose on the father all the obligations which fathers owe to their lawful issue," and "to entitle such child by succession, inheritance or distribution to real and personal property by, through and from his father and mother as if such child had been born in lawful wedlock." *Id.* The estate of the child, in case of death and intestacy, is to be transmitted as if he had been born in wedlock.

Defendant argues that the statute denies equal protection because a mother may not file a petition for legitimation under the statute, and because RSA ch. 168-A, which permits a mother to petition to have a putative father charged with the support of a child born out of wedlock, prescribes in section 12 (Supp. 1977) that such a petition must be brought within two years from the date of birth of said child, while RSA 460:29 (Supp. 1977) contains no similar time limitation.

Unlike RSA 460:29 (Supp. 1977), RSA ch. 168-A does not provide for the legitimation of the child. It provides only for the support of the child and expense of pregnancy. The statutes, therefore, do not relate to the same thing, although RSA 460:29 (Supp. 1977) does establish the obligation of the father for support.

A petition under RSA ch. 168-A may be brought not only by the mother, but by public authorities and others, including private agencies that have furnished expenses of pregnancy, confinement, education, or support. The statute's purpose is twofold: to *establish* the father's obligation for child support and the reasonable expenses of the pregnancy; and to *enforce* compliance with that obligation. The

limitation on the time within which such a petition may be brought serves among others the purpose of limiting the time of anxiety for a man who may or may not be the father of a child born to a woman with whom he has been intimate. It gives the woman and others a reasonable time in which to charge the man with responsibility; but at the same time, it provides a reasonable termination point beyond which men may assume that they are not responsible. The time limit further serves to minimize the special proof problems inherent in paternity actions. *See Lalli v. Lalli,* 99 S. Ct. 518 (1978).

Proceedings under RSA 460:29 (Supp. 1977) are instituted primarily to legitimate a child, and not for the purpose of forcing support obligations on a man, or anyone else. By beginning those proceedings the father voluntarily assumes the support obligations. RSA 460:29 (Supp. 1977) imposes no additional support obligations upon the mother of the child. Her situation is in no way similar to that of the father under RSA ch. 168-A, and equal protection is not involved.

Nor is the mother denied equal protection because she cannot bring a petition under RSA 460:29 (Supp. 1977). No rights are given to the father under that statute which the mother does not already have under RSA 561:4 and :5, which provide for the child to inherit from the mother and her from the child. Even if there were a denial of equal protection on this ground, the remedy would not be to strike down the statute, but rather to extend the right to the mother, a remedy that defendant neither seeks nor needs. *See Holt Civic Club v. Tuscaloosa,* 99 S. Ct. 383 (1978).

■ Moreover, even if the persons were similarly situated, which they are not, it is not the lack of a time limitation in RSA 460:29 (Supp. 1977), but rather the existence of the time limitation in RSA 168-A:12 (Supp. 1977), that imposes the alleged inequality. The remedy, therefore, would be to attack the limitation imposed in the latter statute rather than to invalidate RSA 460:29 (Supp. 1977). The answer to the first question transferred is "No." RSA 460:29 (Supp. 1977) is not in violation of the fourteenth amendment to the United States Constitution or part I, article 2 of the New Hampshire Constitution.

The second question asks if the court has discretion under RSA 460:29 (Supp. 1977) to issue orders relating to child support and visitation rights. The statute itself gives the court no such authority. Furthermore, it has been held that the superior court has no authority to award *custody* absent pending or possible divorce or separation proceedings and that RSA 491:7 confers no independent jurisdiction. *Leclerc v. Leclerc,* 85 N.H. 121, 155 A. 249 (1931). The *Leclerc* case and

others like it were decided under RSA 491:7 prior to the 1973 amendment, which substituted the words "of support for children of unwed parents cases" in place of the words "of bastardy cases." It is our opinion that this change in wording was cosmetic only. It removed from RSA 491:7 the word "bastard," thus conforming the section with the provisions of RSA ch. 168-A, which superseded RSA ch. 168 relating to maintenance of bastard children. Laws 1971, ch. 530. It did not confer any additional authority on the court to deal with custody problems absent divorce or separation proceedings.

The problems resulting from the separation of the increasing number of unwed parents who have been living together for a period of time as man and wife are rapidly emerging. The legislature has seen fit as yet only to deal in partial fashion with these problems in RSA 460:29 (Supp. 1977), and has not provided the court with statutory authority to grant or control custody rights of unwed fathers who legitimate their children.

Nevertheless, the plaintiff here does not seek custody but only visitation rights, which he claims are being denied him. This court has held that visitation rights of parents are important rights that should not be denied without good cause. *Guggenheimer v. Guggenheimer*, 99 N.H. 399, 403, 112 A.2d 61, 64 (1955). These rights are based on factors unrelated to marriage between the parents of a legitimated child, and should not depend upon the existence of divorce proceedings where there never was a lawful marriage to be dissolved.

In the circumstances of this case, the child's relationship with her father during her first three-and-a-half years of life was no different than it would have been if the parents had been lawfully married. The child can be assumed to have come to look upon the plaintiff in the same way as a child born in wedlock looks upon her father, and to have developed the same emotional needs for the father's companionship and support. Complete denial of visitation rights could have serious adverse effects upon the child. *See Starkeson v. Starkeson*, 119 N.H. 78, 397 A.2d 1043 (1979) (Douglas, J., dissenting).

To deny all visitation rights to the child and the plaintiff, as the mother requests, is fair to neither the child nor the father, unless there are unusual circumstances, the existence of which is a matter for determination by the trial court. Absent such circumstances, the right of the child and the father to a continuing relationship should not depend upon legislative enactment. It is a right that has its foundation among those "natural, essential, and inherent rights" that are recognized in N.H. Const., pt. I, art. 2. The existence of these rights entitles

their holder to "a certain remedy." N.H. CONST. pt. I, art. 14. This right to a remedy being a constitutional one, its protection is not dependent upon legislative enactment or grant of authority to the judiciary. The authority of the judiciary to provide a remedy guaranteed by the constitution stems from the constitution itself and is inherent in the very nature of the judicial function.

We hold, therefore, that following legitimation of the child under RSA 460:29 (Supp. 1977), the superior court has the authority in its discretion to make orders relating to visitations between the plaintiff and his child.

■ The legislature did not include in RSA 460:29 (Supp. 1977) any independent method of enforcing child support rights. Nevertheless, the statute does provide that "[t]he effect of legitimation shall be to impose upon the father all the obligations which fathers owe to their lawful issue." RSA 460:29 II (Supp. 1977). That the legitimation statute fails to include enforcement provisions in no way bars the superior court from ordering child support. RSA ch. 546-A authorizes such an order and supplies ample means of enforcement. The answer to the second question is "Yes." The superior court may in its discretion issue child support and visitation orders in proceedings brought under RSA 460:29 (Supp. 1977).

*Remanded.*

DOUGLAS and BROCK, JJ., did not sit; the others concurred.