Rockingham
No. 79-389

ELEANOR BYRNE

v.

ROBERT BYRNE

June 12, 1980

*Griffin, Harrington, Brigham & Ritzo*, of Portsmouth (*James E. Ritzo* orally), for the plaintiff.

*Scammon & Gage*, of Exeter (*Peter A. Meneghin, III*, orally), for the defendant.

PER CURIAM. The issue in this divorce case is whether the trial court erred in holding that an order for support of a "minor child", in accordance with a stipulation made when the age of majority was 21 years, is not terminated at 18 years by the subsequent enactment of RSA 21:44 (Supp. 1979) and 21-B:1 (Supp. 1979) changing the age of majority to 18 years. We find no error under the facts of this case.

The parties agreed to the following facts. The parties were divorced in May 1968. They had one child born September 30, 1960. A stipulation incorporated in the court's decree provided that the defendant pay plaintiff $25.00 per week "towards the support of Jennifer, minor child of the parties." In 1968 the age of majority was 21 years. In December 1968 the order was increased to $35.00 per week. In June 1973, the age of majority was reduced to 18 years. Laws 1973, 72:72; RSA 21:44 (Supp. 1979), 21-B:1 (Supp. 1979). On September 30, 1978, Jennifer became 18 years old and the defendant filed a motion to terminate child support. The motion was denied because Jennifer was still in high school.

Upon her graduation in June 1979, the defendant filed a second motion to terminate support. In the course of a hearing held on July 25, 1979, the plaintiff testified that at the time the stipulation was signed she knew that the age of majority was 21, that it was her intention that Jennifer attend college and that one purpose of the stipulation was to help pay college expenses. The defendant testified that when he executed the stipulation he understood and intended that it would require him to pay support so long as the child was a minor, and that he hoped that the child would attend college. At the time of the hearing, Jennifer was not enrolled in or accepted by any post-secondary school, had not made any application to such a school and was unemployed. On July 30, 1979, the Trial Court (*Randall*, J.) denied the motion for termination on the recommendation of a Master (*Henry P. Sullivan*, Esq.). The defendant then moved for a rehearing on the basis of "newly discovered evidence" to the effect that the plaintiff, in a motion for modification filed in November 1968, had stated that the support order did "not provide for the education of the minor child of the parties . . . and such provision is necessary." Rehearing was denied by *Bean*, J., and the defendant appealed.

In *Hastings v. Hastings*, 114 N.H. 778, 328 A.2d 782 (1974), relied on by the master, we held that a similarly worded stipulation was unaffected by a reduction in the age of majority if the parties, at the time of execution, intended that support continue until the child attained the age of 21 years. The master made no express findings in this case but, by citing *Hastings* with his denial, implicitly found that the intention of the parties here was that support continue until the age of 21, the age of majority at the time the stipulation was entered into. Because the evidence supports that finding, we dismiss the appeal. *Starkeson v. Starkeson*, 119 N.H. 78, 397 A.2d 1043 (1979); *Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978).

*Exceptions overruled.*