Cheshire
No. 80-034

SHIRLEY M. LOGAN

v.

DAVID K. LOGAN

December 22, 1980

*Shirley M. Logan,* pro se, waived brief and oral argument.

*Philip P. Mangones,* of Keene, by brief and orally, for the defendant.

*Michael A. Fuerst,* of Claremont, by brief and orally, for amicus curiae, New Hampshire Legal Assistance.

*Gregory H. Smith,* acting attorney general (*David W. Jordan,* assistant attorney general, orally), for amicus curiae, State of New Hampshire.

BROCK, J. This is a domestic relations case in which the Trial Court (*King,* J.) transferred four questions that raise the issue of whether a stepparent has a duty to support his stepchildren to the

same extent as his natural children, and if so, whether evidence of such support and evidence of the ability of others owing a duty to support the same children can be introduced in a support modification hearing.

Because this case has a convoluted fact pattern involving many people, only the relevant facts in general terms will be set forth. The parties to the action were married, had children, and then were divorced. Both then remarried, each to someone having children from a prior marriage. Thus, all children involved have both natural parents and stepparents.

When the defendant fell in arrears of his court-ordered child support payments to his natural children, the plaintiff filed a petition for capias. The defendant then filed a motion to bring forward and modify the decree seeking to reduce the support obligations to his natural children. At the modification hearing, the defendant sought to introduce evidence of his duty to support his stepchildren. Thereupon, the Trial Court (*King*, J.) transferred the following questions to this court to determine which parties under State law owed a duty of support to the various children and what evidence of such support obligations should be considered by the trial court:

1. "Does New Hampshire RSA chapter 546-A, the Uniform Civil Liability for Support Act, impose upon [stepparents] the duty to support their . . . stepchildren in a manner equal to, and coextensive with, their obligation to support their . . . natural children . . . ?

2. In [a] petition for [m]odification brought . . . to reduce a child support obligation, should the Trial Court admit and consider evidence of stepparent obligations in determining [the] ability to support . . . natural children?

3. If the answer to question No. 2 is affirmative, is there a priority of support for the legal and natural children over the stepchildren?

4. If the answer to question No. 1 is affirmative, should the Trial Court also consider [the ability of other stepparents] to provide for the [natural] children, and if the answer is affirmative, is there any priority of duty of support owed to [such

stepparents'] legal and natural children over [their] stepchildren?"

The legislature has answered these questions in RSA ch. 546-A, which sets forth the duty and scope of the obligation to support stepchildren. "It is a familiar rule in this jurisdiction that the power of the Superior Court . . . to make provision for the support of . . . children is wholly statutory, and that the court has no independent equity jurisdiction." *Stetson v. Stetson*, 103 N.H. 290, 291, 171 A.2d 28, 29 (1961). *But see Locke v. Ladd*, 119 N.H. 136, 399 A.2d 962 (1979).

█ "Every person . . . owes a duty to support . . . his or her . . . child. . . ." RSA 546-A:2. By statutory definition, child means either a natural child, an adopted child, or a stepchild. RSA 546-A:1 IV. The duty is the same no matter what the biological or legal status of the child. No priority is established among the different classes to whom an obligation of support is owing. All are entitled to support once the income and resources of the obligor are "more than sufficient to provide for his or her reasonable subsistence compatible with decency or health." RSA 546-A:2. RSA ch. 546-A provides for the support of stepchildren and, in accordance with the policy of this State, places the obligation for such support on responsible persons and not on society as a whole. *See Watts v. Watts*, 115 N.H. 186, 188, 337 A.2d 350, 352 (1975). Therefore, in answer to question No. 1, read on its face, RSA ch. 546-A imposes on stepparents the duty to support their step-children in a manner equal to and coextensive with their obligation to support their natural children. *Accord, Archibald v. Whaland*, 555 F.2d 1061, 1067 (1st Cir. 1977).

█ The legislature has also answered question No. 2 in the plain language of the statute. In modification hearings involving stepparents, the statute grants authority to the superior court to "retain jurisdiction to modify or vacate the order of support where justice requires." RSA 546-A:6. Not only must the "responsibility of the obligor for the support of others," RSA 546-A:5(g) be considered, but also the "need of the obligee," RSA 546-A:5(e), which will reflect the obligation that others have towards the child. By operation of law, stepparents now have additional obligations and in a modification hearing are entitled to introduce evidence of that duty and the ability of others to support the child. In a modification hearing, substantial change in circumstances is the threshold question. While a change in marital circumstances is not dispositive of the question, remarriage and the consequential

duty to support stepchildren are factors for the trial court to consider. *See Peterson v. Buxton*, 108 N.H. 77, 78, 227 A.2d 779, 780–81 (1967). The trial court has wide discretion in determining matters of child support, *Baker v. Baker*, 120 N.H. 645, 651, 421 A.2d 998, 1002 (1980), and is especially suited to determine "what in the light of all the circumstances then existing would be just." *Morphy v. Morphy*, 114 N.H. 86, 88, 315 A.2d 631, 632 (1974); *see Taylor v. Taylor*, 108 N.H. 193, 195, 230 A.2d 737, 739 (1967). Thus, to answer question No. 2, in a modification hearing the trial court should admit and consider evidence of stepparent obligations in determining the ability to support natural children.

The discussions above also answer questions No. 3 and No. 4. The duty of support being coextensive, there is no priority among the children to whom such a duty is owing whether the question is the duty of the natural parent to support his stepchildren or the duty of the stepparent to support his natural children. Although new persons have been added to those responsible for the support of children, the duty of other obligors has not been shifted; a determination of the support owing is based on "all of the assets and income of [all] parties." *See Baker v. Baker*, 120 N.H. 645, 648–49, 421 A.2d 998, 1001 (1980). In a modification hearing, the trial court, therefore, should consider *all* relevant evidence with regard to the ability of *all* persons owing a duty to support the child or children. Being statutorily granted, the obligations and rights of marriage can be modified or changed by statute. *See Rodrique v. Rodrique*, 113 N.H. 49, 300 A.2d 312 (1973); *Stetson v. Stetson*, 103 N.H. 290, 171 A.2d 28 (1961). As a result of this holding, notice is given that marriage to persons with children now includes a duty to support those children.

Our holding today does not affect past decrees. Only in future modification hearings will the trial court consider evidence of stepparent obligations when determining whether to modify support decrees.

Because the function of this court is not to make the laws, but to interpret them, any public policy arguments relevant to the wisdom of this statute and its consequences should be addressed to the General Court.

*Remanded.*

KING, J., did not sit; the others concurred.