Rockingham
No. 80-452

ROSEMARIE HAIGHT

v.

ALFRED A. PETIT

October 7, 1981

*Scammon & Gage*, of Exeter (*Peter A. Meneghin, III*, on the brief and orally), for the plaintiff.

*Shute, Engel & Frasier*, of Exeter, waived brief and oral argument, for the defendant.

MEMORANDUM OPINION

This is an appeal from a decision of the Rockingham County Superior Court (*Bean*, J.) denying the plaintiff's motion to modify an order for child support previously entered pursuant to a Uniform Reciprocal Enforcement of Support petition. RSA ch. 546. The order provided for support while the child was a "minor." The court refused to increase the level of support but ordered that it be terminated when the parties' eighteen-year-old child completed high school.

■ The trial court excluded evidence of the defendant's second spouse's income, ruling that it was irrelevant and not proper evidence to consider in a modification hearing. The plaintiff preserved her exception, and three months later this court held in *Logan v. Logan*, 120 N.H. 839, 843, 424 A.2d 403, 405 (1980), that RSA 546-A:2 imposes a duty of support upon stepparents. Accordingly, since the total financial picture of both the Haight and Petit families should be taken into account, *id.* at 842–43, 424 A.2d at 405, we remand.

■ In connection with the remand, we note that the defendant's support obligation does not end automatically when his child reaches eighteen years of age. Under RSA 546:7, the obligor's duties of support are those imposed by the law of the state where he was present during the period for which support is sought. Defendant has been a New Hampshire resident since 1969, and his duty is, therefore, established by New Hampshire law, including case law. RSA 546:2 V.

■ In *Byrne v. Byrne*, 120 N.H. 428, 418 A.2d 1267 (1980), as in this case, the court ordered support for the parties' "minor child" at a time when the age of majority was twenty-one. The age of majority subsequently was reduced to eighteen in 1973. RSA 21:44. We held that the original support order was unaffected by a reduction in the age of majority and that it referred to the age of majority at the time of the order. *Byrne v. Byrne*, 120 N.H. at 430, 418 A.2d at 1268. *See also French v. French*, 117 N.H. 696, 699, 378 A.2d 1127, 1128–29 (1977) (trial court has jurisdiction to order obligor to pay educational expenses of child who had reached adulthood); *Walker v. Walker*, 116 N.H. 717, 718, 367 A.2d 211, 212 (1976). The duration of an obligor's duty of support can depend not only on the terms of the decree but on the age of "majority" when the decree was issued.

888

Because the trial judge ruled as a matter of law that he could not increase support, we find no merit to the plaintiff's argument that he was "biased."

*Remanded.*