Belknap
No. 81-120

PRISCILLA P. MIZNER

v.

DONALD E. MIZNER

December 8, 1981

*Haughey & Philpot*, of Laconia (*Stephen J. Laurent* on the brief and orally), for the plaintiff.

*Snierson, Chandler & McKean,* of Laconia (*Edgar D. McKean, III,* on the brief and orally), for the defendant.

## MEMORANDUM OPINION

On September 8, 1980, a decree of divorce was entered terminating the marriage of the parties. The court approved and incorporated as part of its decree the parties' stipulations as to custody, support, and property division. Two months later, Donald Mizner filed a petition to bring forward and modify the decree, asserting that his financial circumstances had changed substantially.

After the divorce, the plaintiff began living with another man who provided her with some financial assistance. The Master (*Robert A. Carignan,* Esq.) excluded certain financial records of the plaintiff's live-in friend from the modification hearing. After the master's report denying relief to Donald Mizner was approved by *Batchelder,* J., this appeal ensued.

██ ██ Since the appeal in March 1981, both parties have remarried. In *Logan v. Logan,* 120 N.H. 839, 843, 424 A.2d 403, 405 (1980), we held that the trial court in a modification hearing "should consider *all* relevant evidence with regard to the ability of *all* persons owing a duty to support the child or children." (Emphasis in original.) Under *Logan,* remarriage affects the parties' duty to support natural children and stepchildren and should be considered by the trial court. *Id.* at 842–43, 424 A.2d at 405. *See generally* RSA ch. 546-A. Because of the parties' change in status, we see no purpose in deciding this case in its present posture. Accordingly, we remand for reconsideration and/or a new petition to modify. *See Haight v. Petit,* 121 N.H. 886, 435 A.2d 1132 (1981).

*Remanded.*

BATCHELDER, J., did not sit.