Merrimack
No. 91-173

GLORIA E. DUPUIS

v.

ELIZABETH ANN CLICK, EXECUTRIX OF
THE ESTATE OF MAURILLE DUPUIS

March 13, 1992

334

*Tardif, Shapiro & Cassidy*, of Concord (*James M. Cassidy* on the brief and orally), for the plaintiff.

*LaFlamme & Davis*, of Manchester (*W. Jean LaFlamme* and *Elizabeth Cazden* on the brief, and *Ms. Cazden* orally), for the defendant.

BROCK, C.J. The plaintiff, Gloria Dupuis, appeals from a ruling of the Superior Court (*Manias*, J.) that the alimony and college education payment obligations of Maurille Dupuis did not survive his death, and, therefore, were not binding and enforceable against his estate. We affirm.

The couple was divorced in 1979, with Mrs. Dupuis being awarded custody of their three minor children, Peter, Marilyn and Maurille, Jr. Her proposed decree, which was not objected to by Maurille, was accepted by the Master (*Robert A. Carignan*, Esq.), and approved by the Superior Court (*Cann*, J.). The decree contained, *inter alia*, a

provision for weekly alimony payments of $160.00 to the plaintiff, and a requirement that Maurille "pay for the reasonable expenses of formally educating each such child who may desire to commence and complete a college education."

In 1985, the plaintiff filed a request for an increase in alimony and child support and a motion for contempt, which essentially requested a clarification of the provision regarding the "formal education" of the children. Modification of the amount of alimony was denied, but the court did increase the child support payments. Further, following the recommendation of the Marital Master (*Larry B. Pletcher*, Esq.), the Superior Court (*Dunn*, J.) ruled that "college expenses" meant the "costs of room, board, tuition, books, activity fees, registration fees, costs of laundry (upon furnishing bill receipts) and $20.00 per week payable directly to such child while said child is actually in attendance at school and not employed."

Maurille died on December 3, 1988, with assets in excess of $4,000,000. During his lifetime, Maurille paid for four-and-one-half years of Peter's college education and Marilyn's first year of college. There was no provision in Maurille's will for the future education of the Dupuis children.

The executrix of the estate paid the child support due for Maurille, Jr., but denied that the estate was responsible for any other expenses. The superior court agreed with the executrix and the plaintiff now appeals the denial of payments for education and alimony.

██ ██ We first address the plaintiff's claim that the alimony award constituted a property settlement which survives the payor's death. The distinctions between alimony payments and property settlements are well established in our case law. *See generally Stebbins v. Stebbins*, 121 N.H. 1060, 1062–63, 438 A.2d 295, 297–98 (1981) (and cases cited therein). "[C]ontinuing obligations, such as alimony and child support, involve indefinite payments which remain modifiable by the court . . . [and,] unless otherwise provided, support payments terminate upon the death of either spouse, and the estates of the spouses have no rights or responsibilities concerning these payments." *Stebbins*, 121 N.H. at 1063, 438 A.2d at 297–98 (citation omitted). On the other hand, "[a] property settlement . . . exists when a spouse agrees to make monetary payments which are ascertainable in amount, payable within a definite period, and binding upon the estate of the paying spouse." *Stebbins*, 121 N.H. at 1063, 438 A.2d at 297 (citation omitted).

The plaintiff asserts "that her receipt of alimony was in exchange for her release of any further claims upon the homestead of the par-

336

ties and upon defendant's business assets," and, therefore, it should be considered a property right. She attempts to bolster this argument by utilizing RSA 458:19 (1955), the applicable statute at the time of the divorce, *see Henry v. Henry*, 129 N.H. 159, 161, 525 A.2d 267, 268 (1987), which allows alimony payments to continue for three years after the youngest child reaches the age of majority. This argument is untenable.

It is undisputed that the divorce decree is unambiguous. Although the decree contained an ascertainable amount, there was no definite duration of payment. Either party could have suggested a clause in the divorce decree providing for the payments to continue upon either spouse's death, yet no such clause was requested or included in the decree.

The plaintiff relies heavily on our decision in *Stritch v. Stritch*, 106 N.H. 409, 213 A.2d 426 (1965), wherein we held that alimony payments following the death of the payor-spouse were enforceable. A close review of *Stritch*, however, indicates that it is not applicable to the facts of this case. In *Stritch* the court ordered the husband to make alimony payments in the sum of $225 per week for a period of three years from the effective date of the decree. Further, the court noted that "[t]he salient feature of the case is that the Presiding Justice who entered the original order has interpreted it to be binding upon the husband's estate." *Id.* at 412, 213 A.2d at 428 (citations omitted).

■ In the case at bar, there is neither an order to pay alimony for a fixed term, nor an interpretation by the trial court that the provision for payment of alimony was intended to survive the death of either party. It follows then that alimony payments terminate upon the death of either of the parties. *Hazen v. Hazen*, 122 N.H. 836, 839, 451 A.2d 398, 400 (1982) (citing *Stebbins v. Stebbins*, 121 N.H. 1060, 1063, 438 A.2d 295, 297–98 (1982)). We decline to apply RSA 458:19 to convert these alimony payments into a property settlement. Accordingly, the trial court was correct in ruling that the estate was not liable for continued alimony payments to the plaintiff.

We next turn to the issue of whether the estate was responsible for the cost of "formally educating" the Dupuis children. The plaintiff first argues that the children's college expenses were part of a property settlement, and, therefore, binding on the estate. This argument, like the previous alimony contention, however, ignores the basic distinctions between property settlements and support payments. Under New Hampshire law, a property settlement consists of

either a final distribution of a sum of money, or monetary payments which are *ascertainable* in amount and payable within a *definite period. Stebbins*, 121 N.H. at 1063, 438 A.2d at 297.

In this case, the divorce decree merely provided that Maurille was to pay the costs of "formally educating" the children. This monetary payment requirement is neither ascertainable in amount, nor payable within a definite period. Initially, we note that whether there is an expense at all is uncertain, as it is dependent on whether the child intends to pursue higher education. Then, provided the child does decide to go to college, there is the uncertainty of which institution will be attended. Further, even though the school may be known, the tuition at each school, along with the accompanying expenses, is usually indeterminate until immediately prior to the start of each semester. Thus, the most accurate figures available are but mere estimates. Estimates of costs are not truly ascertainable amounts.

 Moreover, it is equally apparent that the period of payment is not definite. Although the plaintiff asserts that each child wanted to attend college, nothing in the decree required that the institution be attended immediately following the child's high school graduation, or that the education be completed in four years. In fact, Peter took five years to complete his education. This inability to determine the period of time over which payments are due, combined with the fact that the costs are unascertainable, lead us to conclude that the obligation to pay for college expenses does not constitute a property settlement. *Cf. Gnirk v. Gnirk*, 134 N.H. 199, 205, 589 A.2d 1008, 1012 (1991) (court had discretion to modify divorce decree to include payment for college expenses when such expenses not fully foreseeable at time of divorce). Rather than a property settlement, in general, college education expenses are in the nature of child support, which involves indefinite payments and are modifiable. *Id.* at 204, 589 A.2d at 1012. Therefore, we conclude that Maurille's obligation to "formally educate" his children expired upon his death.

The plaintiff's last argument is that a contract existed between the parties, and, therefore, the cost of higher education is a valid debt against the estate. The plaintiff bases this tenuous theory on the fact that the defendant "did not object to the plaintiff's proposed decree." It follows, so the plaintiff argues, that since the defendant failed to object, "there is no question that the defendant agreed or contracted to pay these expenses."

 "A support order, although it may incorporate a contractual arrangement negotiated by the parties, is unlike a contract in that it

is subject to modification on the motion of either party when the relative circumstances of the parties change." *Gnirk*, 134 N.H. at 206, 589 A.2d at 1012. Because any support order, whether negotiated by the parties or decreed by the court, may be modified, it cannot be deemed a property settlement. *See Stebbins*, 121 N.H. at 1063, 438 A.2d at 297. Therefore, consistent with our holding that college expenses are support payments which terminate upon the payor's death, such expenses cannot be considered a debt against the estate, recoverable by a judgment creditor.

*Affirmed.*

THAYER, J., did not sit; the others concurred.