Belknap
No. 91-095

## Susan May Hirst, Individually and as Mother and Next Friend of Sara Helen Lunt

### v.

### Sharon Webster Dugan & a.

July 15, 1992

6

*Kevin F. Sullivan*, of Meredith, on the brief and orally, for the plaintiff.

*Normandin, Cheney & O'Neil*, of Laconia (*James F. Lafrance* on the brief and orally), for the defendants.

BATCHELDER, J.    This is an appeal from a ruling by the Superior Court (*O'Neil*, J.) denying the plaintiff's motion for temporary and permanent support for her child against the co-executors of the last will and testament of Peter A. Lunt. Because we hold that there is no posthumous support obligation on a parent's estate without a preexisting order to that effect, we affirm.

The plaintiff is a single mother who gave birth to the child one week after the death of the father. The parents of the child never married. The father had been married and was survived by adult children from his marriage. The father's estate was inventoried in excess of five hundred thousand dollars; the child for whom support is sought in this action is entitled to a one-quarter interest as a pretermitted heir. The defendants in this action are the co-executors of the decedent's will and have stipulated to the paternity of the child. With paternity not in issue in this case, we turn to the statutes upon which the plaintiff relies in her pursuit of child support.

█ █   RSA chapter 168-A, the Uniform Act on Paternity, establishes an obligation on the father for the support of his child born out of wedlock. For such a child, a father's support obligations are the same as for a child born in wedlock. RSA 168-A:1; *Opinion of the Justices*, 131 N.H. 573, 576, 558 A.2d 454, 455 (1989). RSA 168-A:3, however, limits the liability of the father's estate "to amounts accrued prior to his death and such sums as may be payable for dependence under other laws." It is on the "payable for dependence under other laws" language that the plaintiff bases her claim for support. Her argument is untenable, however, for the following reasons.

█   The official comment to the Uniform Act on Paternity indicates that "such sums as may be payable for dependence under other laws" refers to "laws regarding 'family allowances' or similar provision for *temporary* support of dependents." *Unif. Act on Paternity* § 4 comment, 9B U.L.A. 356 (1987) (emphasis added). A family allowance, which is purely a creature of statute, is intended to main-

tain the security of dependents only pending the administration of the estate. 31 AM. JUR. 2d *Executors and Administrators* § 714 (1989). New Hampshire's only family allowance provision is for the support of the widow, RSA 554:19, III (Supp. 1991); RSA 560:1, and "is intended to enable her to support herself until her interest in the estate can be provided to her," *Mathes v. Bennett*, 21 N.H. 188, 201 (1850).

The plaintiff, relying nonetheless on RSA 168-A:3, argues that the child's right to support from her father's estate is found in RSA 554:19 (Supp. 1991), which provides:

"The estate of every person deceased shall be chargeable with:

I. The just expenses of the administration thereof.

II. The necessary expenses of the funeral of the deceased.

III. A reasonable allowance to the widow, as by law provided.

IV. The just debts owed by the deceased.

V. The support and maintenance of infant children of the deceased until they arrive at the age of eighteen years, if the estate is in fact solvent.

VI. The legacies given by the will of the deceased."

The plaintiff reads paragraph V above as conferring substantive rights to child support, independent of any preexisting obligation of the father. We disagree.

■■ RSA 554:19 (Supp. 1991), entitled "Priority of Charges," sets forth the order of preference for the payment of charges against the estate. These expenses are obligations against the estate that must be paid, in order of preference, prior to any testamentary dispositions, because "a man must be just before he is generous." *Guggenheimer v. Guggenheimer*, 99 N.H. 399, 403, 112 A.2d 61, 64 (1955). RSA 554:19 (Supp. 1991) merely establishes the priority of payment of allowable charges against the estate, C. DEGRANDPRE & K. ROBINSON, 10 NEW HAMPSHIRE PRACTICE, PROBATE LAW AND PROCEDURE § 682, at 317 (1990), and is not itself the source of the obligations giving rise to the charges. *See Young v. Benton*, 70 N.H. 268, 268, 46 A. 51, 51 (1899) ("charge" on the estate creates a priority).

■■ So understood, paragraph V of RSA 554:19 (Supp. 1991) provides only that such child support obligations as survive the

father's death shall be fifth in line in priority of payment. We have consistently held that "'unless otherwise provided, support payments terminate upon the death of either spouse, and the estates of the spouses have no rights or responsibilities concerning these payments.'" *Dupuis v. Click*, 135 N.H. 333, 335, 604 A.2d 576, 577 (1992) (quoting *Stebbins v. Stebbins*, 121 N.H. 1060, 1063, 438 A.2d 295, 297–98 (1981)). Thus, something more than simply the father's death is required to impose an obligation on his estate for child support. What is required is that the obligation on the estate be expressly provided for before death. If, therefore, by way of a divorce decree or support order a court "mak[es] an order during the life of the father binding on his estate," *Guggenheimer*, 99 N.H. at 402, 112 A.2d at 63, "the children become judgment creditors by force of the decree for support." *Id.* at 403, 112 A.2d at 64. In such circumstances, RSA 554:19, V (Supp. 1991) would operate to create a charge against the estate for child support ranking fifth in priority of payment.

Here, no provision for support predated the death of the child's father. Because the support obligations for a child born out of wedlock are the same as those for a child born in wedlock, RSA 168-A:1, and the obligations for a child born in wedlock cease upon the father's death absent some provision to the contrary, *see Dupuis, supra* at 335, 604 A.2d at 578, the plaintiff is not entitled to child support from the father's estate. *See* Annotation, *Death of Putative Father as Precluding Action for Determination of Paternity or for Child Support*, 58 A.L.R. 3d 188, 191 (1974) (cases almost unanimous that paternity proceeding "may not be instituted after the death of the putative father so as to charge his estate with the duty to support the [child]").

*Affirmed.*

All concurred.