Loop v. NE College                    CV-97-022-M    12/15/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Taylor H. Loop

     v.                                   Civil No. 97-22-M

New England College

**O R D E R**

New England College has filed two motions seeking to dismiss claims and, alternatively, to strike particular allegations in professor Taylor Loop's complaint.  NEC argues that Loop's contract claims are barred by the applicable statute of limitations and that particular allegations pertaining to a prior age discrimination suit are barred by the doctrine of collateral estoppel.  For the following reasons, the court denies both motions.

The standard applicable in evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion.  See Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 470 n.2 (7th Cir. 1997).  In both cases, the court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  In making its inquiry, the court must accept all of the factual averments contained in

the complaint as true, and draw every reasonable inference in favor of the plaintiffs. See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992) (Rule 12(b)(6) motion); Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (Rule 12(c) motion).

## A.    Motion to Dismiss Contract Claims (Document No. 14)

NEC contends that because Professor Loop received notice in December 1993 of its intent to terminate his employment, effective in June 1994, Loop's breach of contract cause of action accrued in December 1993, and, the three-year limitations period expired in December 1996, before he filed his complaint in this case. In response, Loop correctly points out that "the statute of limitations in a contract action does not begin to run until a breach of the contract occurs." Metropolitan Property & Liability Ins. Co. v. Walker, 136 N.H. 594, 598 (1993). Based upon the facts alleged in the complaint, Professor Loop's employment at NEC was not finally and irrevocably terminated until June 1994.[1] NEC's reliance on precedent interpreting the accrual of discrimination claims arising from adverse employment actions are inapposite. NEC's motion to dismiss is denied.

---

[1]Loop alleges in his opposition to NEC's motion that, in addition, his administrative appeal of the termination continued until August 1994. Because those facts are not alleged in the complaint, however, they are not considered in deciding this motion.

2

**B.** **Motion for Judgment on the Pleadings or to Strike (Document No. 19)**

NEC also contends that certain allegations in the complaint concerning Professor Loop's 1988 age discrimination suit against NEC, which ended in a defendants' verdict in 1991, are barred by the preclusive effect of the verdict. Plaintiff responds that the allegations are included not to pursue the same age discrimination claim, but to support his claim that NEC unlawfully retaliated against him for having pursued the age discrimination action in the first place.

Since Loop is not asserting an age discrimination claim based on the previously litigated events, there is no pending claim precluded by the prior judgment. The current age discrimination claim, distinct from the retaliation claim, appears to be based upon Loop's allegations relative to the termination of his employment in 1994. Taken as a whole, the challenged allegations serve to explain Loop's prior discrimination suit against NEC, and thus the court declines to strike the allegations.

## Conclusion

For the foregoing reasons, defendants' motions (document nos. 14 and 19) are denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 15, 1997

cc:  John S. Krupski, Esq.
     Paul L. Nevins, Esq.
     Andrew D. Dunn, Esq.