Rockingham,
No. 5522.

PHILIP E. PETERSON

*v.*

SANDRA PETERSON BUXTON.

Argued February 7, 1967.
Decided March 29, 1967.

*Gerald F. Giles* ( by brief and orally ), for the plaintiff.

*Shaw & Eldredge* ( *Mr. Carleton Eldredge* orally ), for the defendant.

GRIMES, J. The defendant contends that there were no such changes in circumstances between the original decree and the order of modification as to justify a reduction in the order for payments into the savings account and that the Trial Court abused his discretion.

As the court said in *Guggenheimer* v. *Guggenheimer*, 99 N. H. 399, 403: " The Court has wide discretion in determining the amount that a father shall be required to contribute for the support of his family. " This rule applies to modifications as well as to the original award. *Benjamin* v. *Benjamin*, 99 N. H. 117, 119.

A modification will be set aside only if it clearly appears that there was an abuse of judicial discretion. *Fortuna* v. *Fortuna*, 103 N. H. 547, 548.

Defendant relies heavily on those parts of the decision in *Fortuna* which relate to the need for a substantial change in circumstances in the financial condition or needs of the parties to justify a modification and which state that the support of another woman to whom the former husband was not married, together with her child and their illegitimate child, did not in that case constitute such a change in circumstances as would itself warrant a modification.

In this case, both parties have remarried and the plaintiff is now supporting a wife and child of that marriage. While the remarriage of either or both parties does not as a matter of law require a modification of a decree for the support of children ( *Payette* v. *Payette*, 85 N. H. 297; *Eaton* v. *Eaton*, 90 N. H. 4 ), these facts, together with the duty of the plaintiff to support the legitimate child of his second marriage, are circumstances which may be considered by the Trial Justice. This is a different situation than existed in *Fortuna*, and while the plaintiff's second wife can be said to have entered into the marriage at her own risk, the innocent child of that marriage is not in such a position.

There was evidence that plaintiff and his second family live with his mother on a dairy farm which came down from his grandfather. He works on the farm, receives no wages, as such,

from the gross income, which is handled by his mother, but he and his family receive their living from the farm. The situation was the same when defendant was living with him. Plaintiff's mother has made all support payments beginning with the temporary order and including the deposits in the savings account.

According to plaintiff's testimony, the farm income in 1960 was $1,097.26; in 1961, $1,830.11; in 1962, $255.84; in 1963, $1,422.89; and in 1964, a loss of $2,131.87. There was no explanation for the substantial fluctuation and drop in income but the Trial Court was entitled to believe that the testimony was true.

While plaintiff continued to receive his support and the support of his second family from the farm as he did when the decree was entered, the income from which payments had been made on the support order has been substantially reduced. There was no evidence, however, that his services on the farm were any less valuable in 1964, or that the loss in income from the farm standing in his mother's name was in any way his burden or responsibility.

At the time the plaintiff and the defendant were married in December 1957, plaintiff and his mother held the farm under a joint tenancy which had been created in 1954. When the defendant left the plaintiff in 1959 and because of the marital difficulties, he conveyed his interest in the farm to his mother by deed which was marked: "Do not publish." The farm for which an offer of $85,000 has been received is not mentioned in the libel, cross libel or any of the pleadings, but the stipulation in accordance with which the decree was made contains the following language: "Each party releases any claim which they may have in the estate of the other and to any claim which they may have to the real estate standing in the name of the other."

At the time the stipulation was being negotiated, the conveyance by the plaintiff to his mother was open to attack and this could well have been a substantial consideration in those negotiations.

If the periodic payments were arrived at in return for a surrender of any claim defendant had against the farm or in lieu of a lump-sum payment, a reduction in the current farm income might not constitute the substantial change in the circumstances of the parties necessary to warrant a modification of the original award.

We are unable to tell to what extent the Trial Judge considered these factors and therefore remand the case for further consideration and hearing, if necessary.

*Remanded.*

All concurred.