Hillsborough
No. 79-063

ISABELLA LAFOND

v.

ROBERT L. LAFOND

June 27, 1979

*Emile R. Bussiere,* of Manchester, by brief and orally, for the plaintiff.

*Hanrahan, Brennan & Michael,* of Manchester (*William E. Brennan* orally), for the defendant.

PER CURIAM. After a hearing on December 14, 1976, the Hillsborough County Superior Court issued a divorce decree and ordered defendant to pay plaintiff $100 per week for the support of minor children. On July 11, 1977, after a hearing, the support order was reduced to $90 per week. On November 22, 1977, defendant's second motion for modification was denied. At that time the court specifically found that defendant's monthly net income was $664.80, that his support obligation was $360, and that his daughter Lynne had reached her majority on October 17, 1977. The court denied requests to find that defendant's necessary monthly expenses were $489.07, or that he had a monthly deficit of $184.27. The court also denied a request that defendant was "financially unable to pay the present child support payments." Neither party appealed the foregoing decisions of the court.

On March 20, 1978, after a hearing on defendant's third petition for modification, the court found that there had been "no substantial change in the circumstances of the parties since the decree of November 22, 1977," but that the defendant could not at that time comply with the support order. Relying on *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968), the court ruled that the inability of the defendant to comply with the order was in itself grounds to change the order. Defendant was ordered to pay $55 weekly, so long as his weekly wages did not exceed $165, plus any excess up to $90 weekly should his weeks wages exceed $165. The court further ordered that "[a]ll prior orders, not inconsistent herewith, are to remain in full force and effect." Plaintiff's exceptions were transferred by *Flynn,* J.

In a line of cases, including *Fortuna v. Fortuna,* 103 N.H. 547, 176 A.2d 708 (1961), this court has consistently held that no change in a support order may be made absent proof of "a substantial change in the financial condition or needs of the parties." *Id.* at 549, 176 A.2d at 710. The court on November 22, 1977, had found that the defendant was able to pay the ordered $90 a week, despite the fact that the arrearages as of December 1977 had reached $2,895. On March 20, 1978, the court found that the defendant was unable to pay the full amount of the order, but also found that there had been no substantial change in the circumstances of the parties since the findings of November 22, 1977. One purpose of the rule against changing an order, absent a change in circumstances, is to prevent relitigation of

the same issues on the same evidence. 2A W. NELSON, DIVORCE & ANNULMENT § 17.07, at 52–53 (2d ed. 1961).

It is difficult to tell, however, from the court's order of March 1978 whether the court, in fact, modified the November order or merely granted conditional relief from full payment under the conditions set forth in the order so as to relieve defendant from possible charges for contempt. If the court intended conditional relief and if the unpaid balance did accumulate as arrearages, then the March 1978 order would comply with the rule of *Fortuna v. Fortuna supra.*

■■ Defendant relies upon *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968), for the proposition that inability to pay an order is grounds to change it, but in *Douglas* the court found a change in circumstances, a finding which is absent in this case. The statement in *Douglas* that "inability to comply . . . is grounds to change" a divorce order, *id.* at 44, 242 A.2d at 80, must be read within the context of that case. Inability to pay and the reasons for such inability are factors of importance in determining whether there has been a substantial change in circumstances, but they are not dispositive of the issue. *See, e.g., Fortuna v. Fortuna,* 103 N.H. 547, 176 A.2d 708 (1961). Before a support order may be modified, the court must find "such a change in the circumstances of the parties . . . as will make a continuance of the original provisions improper and unfair." *Id.* at 548, 176 A.2d at 709.

■ The matter is remanded for clarification of the court's March 20, 1978 order in accordance with this decision. If the court intended to modify the earlier order, then it is invalid. If, on the other hand, the court only intended to grant relief from full compliance with the terms set forth in the earlier order, with the unpaid balance accruing as arrearages, then the order may stand.

*Remanded.*

BOIS, J., did not sit.