Belknap
No. 2002-380

IN THE MATTER OF JENNIE A. ROHDENBURG (LOUZAN) AND
BRAD D. ROHDENBURG

Argued: February 13, 2003
Opinion Issued: March 17, 2003

*Martin, Lord & Osman, P.A.,* of Laconia (*Benette Pizzimenti* on the brief and orally), for the petitioner.

*Peter J. Minkow, PA,* of Meredith (*Teresa Mahoney Mullen* on the brief and orally), for the respondent.

NADEAU, J. The respondent, Brad D. Rohdenburg, appeals a recommendation of the Marital Master (*Martha W. Copithorne*, Esq.), approved by the Superior Court (*Perkins*, J.), increasing his child support obligation. On appeal, the respondent argues that the master erred by accepting an incomplete financial affidavit from the petitioner, Jennie A. Louzan, contrary to Superior Court Rule 197 and by failing to address his request to decrease his support obligation based upon a substantial change in circumstances. We reverse and remand.

The following facts are relevant to our decision. In March 2002, the petitioner moved for modification of child support and contempt in the superior court. The respondent objected, and the marital master held a contested hearing based upon offers of proof by the parties. No record of this hearing is available. The parties' pleadings, financial affidavits, child support worksheets and proposed orders are the only documents available for us to review. The petitioner's original motion requested the court to recalculate the respondent's child support obligation under the child support guidelines pursuant to RSA 458-C:7 (Supp. 2002), which permits either party to request modification three years after the entry of a support order without the need to show a substantial change in circumstances. The petitioner's motion alleged no change of circumstances. The respondent's objection asserted that if his support obligation was modified, it should be modified downward to reflect substantial changes in the parties' economic circumstances since the petitioner had remarried.

Prior to the hearing, each party submitted a financial affidavit pursuant to Superior Court Rule 197. The petitioner's affidavit did not include any information in sections seven and eight relating to assets, property interests and related debt. The petitioner's affidavit did include monthly expenses for mortgage and vehicle payments, however, even though it listed no real property or motor vehicles in sections seven or eight. After the hearing, the master denied the petitioner's motion for contempt but increased the respondent's support obligation from $3,300 per month to $3,800 per month based upon the court's calculation of child support under the statutory guidelines. *See* RSA 458-C:3 (Supp. 2002). The master did not address the respondent's request to decrease his child support obligation. This appeal followed.

The respondent alleges no error in the master's calculation of his support obligation under the child support guidelines, and we presume the calculation is correct based upon the parties' current income. *See Giles v. Giles*, 136 N.H. 540, 544 (1992); RSA 458-C:4, II (1992). Rather, the respondent argues the master erred by accepting the petitioner's incomplete financial affidavit contrary to Superior Court Rule 197, and

then by basing its support order upon that incomplete affidavit. The respondent also argues the master erred by failing to address his request for a downward modification based upon a substantial change in circumstances due to the petitioner's improved financial circumstances after remarriage. *See* RSA 458-C:5 (Supp. 2002).

The respondent did not provide a transcript of the contested hearing. Therefore, we presume the master's findings are supported in the record and our review is limited to whether the master committed a clear error of law. *See Cote v. Cote*, 123 N.H. 376, 377-78 (1983).

Superior Court Rule 197 requires each party to file a financial affidavit at every marital hearing involving financial matters or property, including post-divorce child support modification hearings. The Rule 197 financial affidavit requires full disclosure of assets, expenses and income. Each party has a duty to complete all sections of the Rule 197 financial affidavit to the best of his or her ability. *See DePalantino v. DePalantino*, 139 N.H. 522, 525 (1995) (decided under former Superior Court Rule 158). The duty of full disclosure is mandatory and cannot be waived by either of the parties or by the court. *See Shafmaster v. Shafmaster*, 138 N.H. 460, 467 (1994) (decided under former Superior Court Rule 158). Furthermore, both parties must attest to the completeness of their financial disclosures on the affidavit under oath, subject to the pains and penalties of perjury. *See id.*

While our prior cases addressing the disclosure requirements of Superior Court Rule 197 (formerly Rule 158) arose from requests for modification of property settlements, which generally are not modifiable, *see, e.g., id.* at 462, we have never so limited our holdings and we decline to do so now. The instructions for the Rule 197 financial affidavit clearly state:

**When this form is needed** – You must fill out and file this form with the court:

If you are the husband or wife in a divorce or legal separation case.

*If you are the mother or father in an after-divorce,* custody, *child support,* or paternity *case.*

*If either side is requesting child support* or alimony *or a change in an existing support* or alimony *order.*

If a person's ability to pay an obligation is an issue.

Any other time that a Court may require.

(Emphasis added.) This instruction carries out the requirements of Rule 197, which mandate that the form be completed and filed "[a]t every hearing involving financial matters or property, or as may be required by the court."

Likewise, the instructions for the financial affidavit provide the following directions for the full disclosure of assets required by sections seven and eight of the affidavit:

> 7/8. **Asset Information** – You must list all of your assets in these sections. In section 7, the first column is for your good-faith estimate of the total fair market value of assets in each category [including] .... *Motor Vehicles ... Investments ... Life Insurance ... Pension ... Retirement Account ...* You must list *all* assets. Assets include, but are not limited to, the following: Any asset in which you have an interest, but that is being held in the name of someone else.... Any assets that are owned partly by you and partly by someone else, such as a jointly owned bank account, motorcycle, or piece of real estate.

■ Therefore, because the requirement of full disclosure under Superior Court Rule 197 is mandatory for all sections of a financial affidavit and the financial affidavit must be filed at a hearing to modify a child support obligation, we hold that the master committed a clear error of law by accepting the petitioner's incomplete financial affidavit.

While marital masters are granted broad discretion in matters relating to child support determinations, *see Giles*, 136 N.H. at 544, they must have all information relevant to that determination before exercising that discretion, *see Logan v. Logan*, 120 N.H. 839, 843 (1980).

■ We hold, additionally, that the master committed an error of law by failing to address the respondent's request to reduce his support obligation based upon a substantial change in the parties' respective economic circumstances since the petitioner's remarriage. *See* RSA 458-C:5. The statute mandates that:

> I. *Special circumstances*, ... if raised by any party to the action or by the court, *shall be considered* and may result in adjustments in the application of support guidelines provided under this chapter. The court *shall make written findings* relative to the applicability of the following:
>
> . . . .

c) The economic consequences of the presence of stepparents, step-children or natural or adopted children. . . .

RSA 458-C:5, I (c) (emphasis added). Because the respondent raised the issue in his response to the petitioner's original motion, the master erred by failing to make written findings relative to its applicability.

When determining if there has been a substantial change of circumstances at a modification hearing, remarriage and consequential duties of support to step-children are factors that must be considered, although they may not be dispositive of the issue. *See Logan*, 120 N.H. at 842-43. On remand, the master "should consider *all* relevant evidence with regard to the ability of *all* persons owing a duty to support the . . . children." *Id.* at 843. This includes "all of the assets and income of all parties," *id.* (quotation and brackets omitted), which must be disclosed on the financial affidavit pursuant to Superior Court Rule 197.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.