Derry Family Division
No. 2002-283

IN THE MATTER OF KAREN FOLLEY AND MICHAEL P. FOLLEY

Submitted: March 24, 2003
Opinion Issued: April 23, 2003

*Karen Folley*, by brief, *pro se.*

*Gandia Law Offices, P.C.*, of Londonderry (*Laura J. Gandia* on the brief), for the respondent.

DUGGAN, J. The respondent, Michael Folley, appeals from the final divorce decree recommended by the Marital Master (*Bruce F. DalPra*, Esq.) and approved by the Derry Family Division (*Reardon*, J.). He argues that the court erred by failing to decrease his child support obligation in proportion to the amount of time he shares custody of his two children. We affirm.

The record supports the following facts. The respondent and the petitioner, Karen Folley, were married in March 1987. During the marriage, the respondent was employed full-time as a mechanic and later as an insurance adjuster. The petitioner obtained a real estate license and attended hairdressing school. The couple had two children. After the birth of their second child, the petitioner ceased working outside the home in order to care for the couple's children. The parties divorced in March 2002. The petitioner currently lives in the marital home with the couple's children, working part-time as a beautician and title clerk with a yearly income of $19,500. The respondent resides in Methuen, Massachusetts, and is employed full-time as an insurance adjuster with a yearly income of $46,000.

In March 2001, the court issued a temporary divorce decree. The decree awarded the parties joint legal and physical custody of the children and ordered the respondent to pay $90 a week in child support through a wage assignment. The decree also granted the respondent visitation every week from Wednesday after school through Friday morning and every other weekend from Friday afternoon to Sunday afternoon.

A final hearing was held in January 2002. The court heard testimony from both parties regarding custodial arrangements for their children. In March 2002, the court issued a permanent divorce decree, granting joint legal custody and awarding the petitioner primary physical custody of the children. The court also continued the existing visitation schedule. Relying upon the parties' financial affidavits, the court calculated the child support according to the statutory child support guidelines. The court indicated the parties' "custodial schedule" was a special circumstance under RSA 458-C:5, I (h) (Supp. 2002) warranting a deviation from the guidelines and reduced the amount of child support. The respondent was ordered to pay the petitioner $175 per week. It is unclear from the record what evidence justified the increase from $90 to $175. The respondent moved for reconsideration, requesting that child support remain at $90 per week in light of the custodial schedule. The court denied the motion.

The sole issue on appeal is the amount of child support. The respondent argues that the trial court's child support order of $175 per week was an unsustainable exercise of discretion given the custodial arrangement. He concedes that the court deviated from the child support guidelines, reducing his obligation by $30 per week. However, he contends the support order should be further reduced because he has custody of the children more than fifty percent of the time.

Trial courts have broad discretion in determining matters of child support. *In the Matter of Crowe & Crowe,* 148 N.H. 218, 221 (2002). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. *Id.* Issues of child support are governed by an express legislative directive that the support be calculated according to the guidelines codified in RSA chapter 458-C. While we presume that a child support award calculated under the guidelines is correct, the presumption may be rebutted by a finding that application of the guidelines would be unjust or inappropriate. *In the Matter of Coderre & Coderre,* 148 N.H. 401, 404 (2002).

RSA 458-C:5 allows for deviation from the guidelines and provides that:

I. Special circumstances, including, but not limited to, the following, if raised by any party to the action or by the court, shall be considered and may result in adjustments in the application of support guidelines provided under this chapter. The court shall make written findings relative to the applicability of the following

. . .

(h) Split or shared custody arrangements . . . .

Thus, the court can make an upward or downward adjustment if a finding is made warranting the deviation. *Wheaton-Dunberger v. Dunberger*, 137 N.H. 504, 508 (1993). The mere fact that special circumstances exist, however, does not mandate an adjustment to the respondent's child support obligations. *Coderre*, 148 N.H. at 405.

We first considered the adjustment of child support in conjunction with a shared custody schedule in *Wheaton-Dunberger*. In that case, we affirmed a trial court's determination that sharing custody equally does not mandate reduction of support. *Wheaton-Dunberger*, 137 N.H. at 508. The defendant, who shared equal physical custody of his children, argued that an adjustment to a child support award is required upon the showing of special circumstances. *Id.* We said that "[t]he plain meaning of [RSA 458-C:5, I] evidences no such intent." *Id.* We concluded that the trial court could reasonably have determined that the need to provide the children with an adequate standard of living during the time they resided with the plaintiff made a downward adjustment inappropriate. *Id.* at 508-09; *see also Coderre*, 148 N.H. at 405 (existence of special circumstances does not require deviation from child support guidelines).

■ On this record, we cannot say the trial court's exercise of discretion in determining the support order was unsustainable. In calculating the amount of support, the court was entitled to account for the financial circumstances and income of each party. *See Wheaton-Dunberger*, 137 N.H. at 508-09. Here, the respondent's income was more than double that of the petitioner. The court specifically found that the visitation schedule warranted an adjustment and reduced the respondent's child support obligation. We find no error in this decision.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.