Hillsborough-northern judicial district
No. 2006-409

IN THE MATTER OF SEAN ADAMS AND PAMELA LEE (ADAMS) HOULE

Submitted: April 5, 2007
Opinion Issued: September 28, 2007

*Kathleen Goulet,* of Manchester, for the petitioner, filed no brief.

*M. Kathryn McCarroll* and *Patricia R. DiMeo,* of Derry, by brief, for the respondent.

HICKS, J. The respondent, Pamela Lee Houle, appeals an order of the Superior Court (*Abramson,* J.) approving an order of the Marital Master (*Green,* M.) granting a motion by the petitioner, Sean Adams, to modify child support. We reverse and remand.

The following facts were found by the trial court or appear in the record before us. The parties were divorced on February 7, 2005. The petitioner

was awarded primary physical custody of the parties' three children. The respondent was granted reasonable visitation with the children including "[e]very Tuesday from after school, . . . until Thursday morning, when she brings the children to school." The respondent was not ordered to pay child support, but was required to provide health and dental insurance and to be completely responsible for medical, dental and related expenses not covered by insurance.

Not long after the divorce, the respondent moved to Kentucky. She has remarried and has another child. On July 1, 2005, the petitioner moved to modify the decree as to, among other things, child support and visitation. Following a hearing, the marital master, in a recommendation approved by the court, concluded that "[the respondent's] relocation and failure to exercise parenting time is a substantial change of circumstance which justifies a modification of child support." The master reasoned:

> [The respondent], by her relocation to Kentucky and by not having actual parenting time with the children since July, has substantially modified the circumstances surrounding the permanent stipulations. Under the permanent stipulations, if [the respondent] had exercised her parenting time, she would have incurred substantial financial obligation for the children during that time. Since she has moved to Kentucky and has not seen said children, she has incurred no financial obligation and said financial obligation is solely the burden of [the petitioner].

Upon the master's recommendation, the trial court ordered the respondent to pay $127.00 per week in child support.

On appeal, the respondent argues, *inter alia*, that the court erred in concluding that her relocation to Kentucky and/or her failure to exercise parenting time was a substantial change of circumstances justifying a modification of child support. "Trial courts have broad discretion in reviewing and modifying child support orders. We will overturn a child support modification order only if it clearly appears that the trial court engaged in an unsustainable exercise of discretion." *In the Matter of Rossino & Rossino*, 153 N.H. 367, 369 (2006) (quotations and citation omitted).

"To obtain a modification of support obligations, the moving party must show a substantial change in circumstances of the parties that makes continuing the original order improper and unfair." *Hutchinson v. Hutchinson*, 133 N.H. 772, 774 (1990) (quotation omitted). While marital masters have broad discretion regarding the modification of child support, "they must have all information relevant to that determination before

exercising that discretion." *In the Matter of Rohdenburg & Rohdenburg,* 149 N.H. 276, 279 (2003). "A modification should not be granted in the absence of *evidence* of a substantial change in circumstances . . . ." *Gnirk v. Gnirk,* 134 N.H. 199, 202 (1991) (emphasis added). "In determining whether a substantial change in circumstances exists, the trial court will look at the needs of the parties and their respective abilities to meet those needs." *Hutchinson,* 133 N.H. at 774. This is a fact-specific inquiry that requires the admission of evidence as to the parties' needs and abilities. *Cf., e.g., In the Matter of Donovan & Donovan,* 152 N.H. 55, 59 (2005) (vacating modification of child support where "[t]he father's claim that the mother could obtain employment as a bookkeeper [was] speculation unsupported by any concrete evidence").

There is no indication in the record that the master heard any evidence of the amount by which the petitioner's "financial obligation for the children" had increased as a result of the respondent's relocation. Thus, there is no support in the evidence for the master's characterization of that obligation as "substantial."

The documentary evidence in the record before us contains only a single set of financial affidavits of the parties: the respondent's, dated April 4, 2006, and the petitioner's, an unsigned and undated copy. As such, they paint only a static financial picture of the parties, affording no basis to compare the petitioner's expenses before and after the respondent's relocation. We note that on appeal, the respondent asserts that any additional financial obligation incurred by the petitioner as a result of her relocation is "minimal, if any, by requiring him to feed the children three 'extra' meals which the Respondent would have been responsible for." As the petitioner filed no brief or supporting documentation, we have no argument or evidence to the contrary.

The transcript of the hearing on the motion to modify bolsters our conclusion that the master's ruling is unsupported by the evidence. *Cf. Butterick v. Butterick,* 127 N.H. 731, 736 (1986) (finding, "[o]n [court's] reading of the transcript of the hearing before the master," that the master erred in modifying child support). At one point, the master purported to "find that as a matter of law," if the respondent is "not exercising her visits then . . . [there] is a substantial change of circumstances because she hasn't exercised her rights under the agreement." At another point, the master stated that the respondent "had an obligation to have [visitation] X amount of time. That X amount of time relieves the other party of certain financial obligations. If she's not doing it I find that that's a change and therefore allows child support to be reviewed." Thus, although the master indicated that he would rule differently "if the agreement provided for minimal contact, you know, once

every three months," he appeared to find that a failure to exercise visitation in excess of an unspecified "threshold" constitutes a substantial change of circumstances as a matter of law. We disagree.

We hold that like the remarriage of one or both of the parties, *see Peterson v. Buxton*, 108 N.H. 77, 78 (1967), the relocation of a party and/or the party's failure to exercise visitation "does not as a matter of law require a modification of a decree for the support of children," *id*. In other words, proof of the mere fact of relocation or failure to exercise visitation does not, without more, constitute "a substantial change in circumstances of the parties that makes continuing the original order improper and unfair." *Hutchinson*, 133 N.H. at 774 (quotation omitted); *cf. Kuttas v. Ritter*, 879 So. 2d 3, 4, 6 (Fla. Dist. Ct. App. 2004) (finding substantial change of circumstances where consequence of father's relocation was that mother "received no regular relief from taking care of" two autistic children; the court emphasized, however, that father's "voluntary relocation . . . would not constitute a substantial change in circumstances absent the other circumstances unique to this case").

Because the master's finding regarding the extent of the financial burden allegedly shifted from the respondent to the petitioner is unsupported by the evidence, and because the master appears to have erroneously found a substantial change of circumstances as a matter of law, we conclude that the master committed an unsustainable exercise of discretion. Given our disposition of the substantial change in circumstances issue, we need not address the respondent's other issues on appeal.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.