Derry Family Division
No. 2008-597

IN THE MATTER OF MANON F. LYNN AND PAUL J. LYNN

Submitted: February 18, 2009
Opinion Issued: April 24, 2009

Manon F. Lynn, by brief, *pro se*.

Paul J. Lynn, by brief, *pro se*.

DUGGAN, J. The respondent, Paul J. Lynn (father), appeals the order of the Derry Family Division (*Ryan*, J.) granting the motion of the petitioner, Manon F. Lynn (mother), to modify a child support order. We affirm.

The record supports the following facts. The parties divorced in August 2005, and have four children from the marriage. One child resides on his own, one resides with her mother, and the other two children reside with their father. As of July 2006, the mother was responsible for providing health insurance coverage and paying $300.00 per month in child support, which represented a downward deviation from the guidelines because of her limited income. In April 2008, the mother filed a motion to modify her child support obligation because she had been accepted into a nursing program at New Hampshire Technical Institute, and intended to change her employment to part-time. The mother also alleged that her part-time status will make health insurance coverage unaffordable.

The trial court granted the mother's request and modified the child support order so that neither party is responsible for child support payments and the mother is no longer responsible for providing health insurance. The trial court cited the mother's "income while in school" as a "substantial change in circumstances" that warranted modification. The trial court also found that the special circumstances of the mother's "low income" and "primary residential responsibility for [one] child" warranted a downward deviation from the child support guidelines. The trial court ruled that the mother's "attempt to improve her income and her market-ability is in the best interest of all parties in the long term." The father moved for reconsideration, which the court denied. This appeal followed.

On appeal, the father argues that the trial court committed an unsustainable exercise of discretion in deviating from the guidelines. The father argues that the trial court found that the mother is voluntarily

underemployed and erred by not imputing income to her. The father also argues that the mother voluntarily reduced her income to circumvent her child support obligations.

We will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous. *In the Matter of Cole & Ford*, 156 N.H. 609, 610 (2007). Because trial courts are in the best position to determine the parties' respective needs and their respective abilities to meet them, we will set aside a modification order only if it clearly appears from the evidence that the trial court's exercise of discretion is unsustainable. *In the Matter of Donovan & Donovan*, 152 N.H. 55, 59 (2005).

██ To obtain a modification of support obligations within three years of the entry of the last order of support, the moving party must show a substantial change in circumstances that makes continuing the original order improper and unfair. *In the Matter of Adams & Houle*, 156 N.H. 257, 258 (2007). Although RSA 458-C:7 does not specify what constitutes a substantial change in circumstances, the trial court may consider a variety of factors in determining whether the financial situation of the parties has changed and whether modification is required. *See In the Matter of Rohdenburg & Rohdenburg*, 149 N.H. 276, 280 (2003) (remarriage and consequential duties of support to step-children may warrant modification); *Lafond v. Lafond*, 119 N.H. 512, 514 (1979) (inability to pay and the reasons for such inability are factors in determining if modification is warranted). A parent's decision to attend school and become voluntarily underemployed is a factor that the trial court may consider in determining if modification is warranted. *See* Becker, *Spousal and Child Support and the "Voluntary Reduction of Income" Doctrine*, 29 CONN. L. REV. 647, 672-73 (1997); *see also Kelly v. Hougham*, 504 N.W.2d 440, 441-42 (Wis. Ct. App. 1993).

When calculating the child support amount, either in the original child support award or once the trial court makes a finding for modification, the trial court uses the parents' gross income. *See* RSA 458-C:2, I, IV, VI (Supp. 2008); RSA 458-C:3, II (Supp. 2008). Included within the definition of "gross income" is the following language: "The [trial] court, in its discretion, may consider as gross income the difference between the amount a parent is earning and the amount a parent has earned in cases where the parent voluntarily becomes unemployed or underemployed, unless the parent is physically or mentally incapacitated." RSA 458-C:2, IV(a). Once the trial court determines the parents' income, it then uses the child support formula to calculate the child support obligation. RSA 458-C:3.

Here, the trial court modified the child support order, finding the substantial change in circumstances to be "the [mother's] income while in school." The trial court did not impute income to the mother. Instead, the trial court ruled: "[The mother's] attempt to improve her income and her marketability is in the best interest of all parties in the long term."

▇ The father argues that because the trial court found that the mother was voluntarily underemployed, the trial court was then required to impute income to her. We reject this argument. Pursuant to the guidelines, whether to impute income is discretionary. *See* RSA 458-C:2, IV(a) ("The court, in its discretion, may consider . . . ."). Thus, if the trial court decides to modify the child support order based upon a parent's decision to attend school, it is within the trial court's discretion not to impute income despite the voluntary underemployment. *See In the Matter of Bazemore & Jack*, 153 N.H. 351, 354 (2006) (holding that trial court has discretion to impute less than the total difference between the amount the parent is earning and the amount the parent has earned).

▇ The trial court went on to find special circumstances for a downward deviation of the guidelines — specifically, the mother's "low income" and "primary residential responsibility for [one] child." The trial court may make adjustments to the application of the child support guidelines if it finds "special circumstances" to warrant a downward deviation. *See* RSA 458-C:5 (Supp. 2008). RSA 458-C:5, I, lists "special circumstances" that would warrant an adjustment from the child support guidelines. Included within this list is "[s]ignificantly high or low income of the obligee or obligor," RSA 458-C:5, I(b), and "economic consequences of the presence of . . . children," RSA 458-C:5, I(c). Thus, the trial court complied with the statutory requirements in making specific written findings of special circumstances. *See* RSA 458-C:5.

▇ Because the sparse record before us does not include a transcript of the hearing for our review, *see* SUP. CT. R. 13(2), we cannot conclude that the trial court erred in these findings. *See Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004) (because of lack of a transcript, supreme court must assume evidence supported result reached by trial court). For this same reason, we must assume that the evidence does not support the father's argument that the mother voluntarily reduced her income to circumvent the child support guidelines.

*Affirmed.*

BRODERICK, C.J., and HICKS, J., concurred; DALIANIS, J., concurred specially.

DALIANIS, J., concurring specially. I agree with the majority that there was no error of law here and that, because the respondent, Paul J. Lynn (father), did not provide a transcript as part of the record on appeal, we must assume that the record supported the trial court's findings and that it sustainably exercised its discretion. *See Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004). As the appealing party, the father had the burden to provide this court with a record sufficient to decide his issues on appeal. *See Rix v. Kinderworks Corp.*, 136 N.H. 548, 553 (1992); *see also* SUP. CT. R. 13. Without a transcript of the trial court hearing, we assume that the evidence supported its decision. *See Bean*, 151 N.H. at 250. We review the trial court's order for legal errors only. *See Atwood v. Owens*, 142 N.H. 396, 397 (1997). Because the father failed to demonstrate that the trial court committed any error of law, we must affirm its decision.

I write separately because I am concerned that this opinion could be misconstrued to entitle a parent to a reduced child support obligation *whenever* the parent has voluntarily reduced his or her income so as to attend school. This is not so. While the applicable statutes allow the result in this case, they do not require it. There might well be circumstances in a particular case that would compel the trial court to impute income to such a parent (and, accordingly, deny a motion to modify or reduce child support). Without a transcript, we cannot say whether such circumstances existed here.