**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0183, <u>In the Matter of Kathryn Gosselin and Heath Gosselin</u>, the court on November 10, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The respondent, Heath Gosselin (father), appeals an order of the Circuit Court (<u>Tenney</u>, J.) modifying his child support obligation to the petitioner, Kathryn (Gosselin) Page (mother). Among other alleged errors, he contends that the trial court erred by: (1) transposing the parties' incomes when calculating his child support obligation from July 1, 2013 forward; (2) miscalculating the amount of his arrearage; (3) failing to reduce his support obligation by the amount he paid to provide health insurance for the parties' child; (4) failing to consider certain substantial financial contributions by the mother's boyfriend to her household in calculating her income; (5) reducing his child support obligation only to 75 percent of the child support guidelines amount, <u>see</u> RSA 458-C:3 (Supp. 2014); and (6) issuing a final order on child support after a "hearing the court stated was a hearing on a temporary order, not a final order."

We will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous. <u>In the Matter of Lynn & Lynn</u>, 158 N.H. 615, 617 (2009). Because trial courts are in the best position to determine the parties' respective needs and their respective abilities to meet them, we will set aside a modification order only if it clearly appears from the evidence that the trial court's exercise of discretion is unsustainable. <u>Id</u>.

Both the mother and the father agree that the trial court erroneously transposed the parties' incomes on one of the child support guidelines worksheets. Contrary to the mother's argument, the record does not reflect that the trial court corrected this error. The trial court's order on the father's motion to reconsider addresses only the amount of his arrearage, not the amount of his obligation. The amount of the father's child support obligation affects the amount of his arrearage because he filed his motion to modify in June 2012 and requested that his obligation be recalculated from that date. <u>Cf</u>. RSA 461-A:14, VIII (Supp. 2014) ("No modification of a support order shall alter any arrearages due prior to the date of filing the motion for modification.").

The trial court may have further erred regarding the father's payment for the child's medical insurance. At the June 2014 hearing, the mother's attorney stated that the father was paying "an ordinary premium and it's factored into his child support calculation or it would be on review." However, the trial court's order included no findings regarding these payments. Further, although the order noted that the mother's "boyfriend pays many of the expenses on the home, including the full expense of the mortgage," the trial court made no findings or rulings regarding the weight of this evidence or the extent to which it considered these payments.

We also note that the record is inconsistent as to whether the trial court's July 2014 order regarding the father's child support obligation was temporary or final. During the hearing preceding that order, the trial court announced, "Today we had to do offers of proof. You often do that on a temporary basis, not on a final hearing." Further, at the beginning of the hearing, the court stated, "I think it's pretty clear . . . that we would be dealing not with the final issue on child support. That's going to be reserved for a final hearing." However, the July 2014 uniform support order stated that it was a final order. Further, the trial court's subsequent March 2015 order modifying the parenting plan stated, "Final orders have already been issued on support pending any appeal."

Accordingly, we vacate the trial court's order regarding the father's child support obligation, including his arrearage and any deviation from the child support guidelines. We decline the father's invitation to calculate these obligations as a matter of law and remand for the trial court to recalculate the father's child support obligation and arrearage consistent with this order. Upon remand, the trial court may take such additional evidence as it deems necessary.

Any remaining arguments in the father's brief are not adequately developed. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Vacated and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**