# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0534, <u>In the Matter of Sean Kendrigan and Melinda Kendrigan</u>, the court on July 12, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Melinda Laro f/k/a Melinda Kendrigan, appeals an order of the Circuit Court (<u>Sadler</u>, J.) modifying the child support obligation of the petitioner, Sean Kendrigan, based upon a three-year review. <u>See</u> RSA 458-C:7 (2018). She argues that the trial court erred by: (1) issuing a temporary support order in the amount of $50 per month; (2) not awarding child support based upon an imputed income under the child support guidelines after finding that the petitioner is voluntarily underemployed; and (3) deviating downward from the child support guidelines amount based upon its finding that awarding child support at the amount required by the child support guidelines for the imputed income level would, under the circumstances of the case, result in a confiscatory order, <u>see</u> RSA 458-C:5, I(j) (2018).

The trial court has broad discretion to determine and order child support. <u>In the Matter of Hoyt & Hoyt</u>, 171 N.H. 373, 376 (2018). Because the trial court is in the best position to determine the parties' needs and their abilities to meet them, we will not overturn an order modifying support unless it clearly appears from the evidence that the trial court unsustainably exercised its discretion. <u>In the Matter of Lynn & Lynn</u>, 158 N.H. 615, 617 (2009).

In determining a parent's gross income for purposes of determining child support, the trial court <u>may</u>, "in its discretion, . . . consider as gross income the difference between the amount a parent is earning and the amount a parent has earned in cases where the parent voluntarily becomes . . . underemployed, unless the parent is physically or mentally incapacitated." RSA 458-C:2, IV(b) (2018). Thus, even if a parent is voluntarily underemployed, it is still within the trial court's discretion not to impute income for child support purposes. <u>Lynn</u>, 158 N.H. at 618. Likewise, it is still within the trial court's discretion to deviate from the child support guidelines if it finds that special circumstances warrant the deviation. <u>See id.</u>; RSA 458-C:5 (2018).

As the appealing party, the respondent has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's order, the respondent's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the respondent has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred

**Eileen Fox,
Clerk**