# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0088, In the Matter of Cindy DePalo and Joseph DePalo, the court on February 19, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The respondent, Joseph DePalo (husband), appeals the order of the Circuit Court (Yazinski, J.) denying his motion to modify alimony and set aside the divorce decree, as well as his request for an order requiring the petitioner, Cindy (DePalo) Collins (wife) to sign a loan modification agreement. He argues that the trial court erred in ruling that his requests were barred by the doctrine of res judicata.

Res judicata has been established "to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end." Cook v. Sullivan, 149 N.H. 774, 777 (2003) (quotation omitted). "Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." Sleeper v. Hoban Family P'ship, 157 N.H. 530, 533 (2008).

The record shows that, in 2009, the parties agreed to the terms of their divorce in permanent stipulations approved by the court. In the years that followed, the husband, usually self-represented, filed numerous motions to modify alimony and set aside the divorce decree, resulting in at least four court orders denying his requests. On May 11, 2018, the husband again moved to modify alimony and set aside the property settlement. He later moved for an order requiring the wife to sign a loan modification agreement. The wife objected to the husband's motions, arguing that his pleadings "raise no new fact or argument," that "[a]ll matters have been ruled on multiple times since the final decree," and that res judicata applies to "essentially all issues raised by [the husband] in his newest pleadings." Following a hearing, during which both parties were represented by counsel, the trial court found that "[s]ince the Final Decree was approved by this Court [the husband] has repeatedly returned to Court seeking to change the Final Decree or to vacate it." The court "found him to dishonestly represent his financial status in the past and believes he continues to do so." The court agreed with the wife that res judicata applied and denied the husband's requests.

A party seeking to modify an alimony order must show that a substantial change in circumstances has occurred rendering the alimony award either improper or unfair. In the Matter of Doherty & Doherty, 168 N.H. 694, 701 (2016). One reason for requiring proof of changed circumstances is to prevent re-litigation of issues based on the same evidence. Lafond v. Lafond, 119 N.H. 512, 513-14 (1979). A property settlement in a divorce decree is not subject to modification on account of changed circumstances. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 57 (2006). A party seeking to set aside a property settlement in a divorce decree must show that "the distribution is invalid due to fraud, undue influence, deceit, misrepresentation, or mutual mistake." Id. (quotation omitted).

We construe the trial court's order to mean that the husband failed to show that there had been a substantial change in circumstances to warrant modifying alimony and that there were no new facts to show that the property distribution was invalid for any of the foregoing reasons. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court). We will affirm the trial court's findings unless they are unsupported by the evidence or legally erroneous. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002). We conclude that the record supports the trial court's implicit findings. See id.

The husband argues that res judicata cannot apply to his request to divide the parties' business because the business was not divided in the final decree. The record shows, however, that the final decree contained provisions for the distribution of the parties' entire marital estate, including the business. The record supports the trial court's implicit finding that the husband failed to show that the distribution is invalid. See Birmingham, 154 N.H. at 57.

The husband also argues that res judicata cannot apply to his request to order the wife to sign a loan modification agreement because he has not previously requested such relief. However, the final decree contained provisions for the disposition of the marital home. The husband was ordered to refinance the property within one year and to remove the wife from liability on the mortgage. If he was unable to refinance the property within one year, he was ordered to place it on the market. Contrary to the court's orders, the husband had neither refinanced nor sold the property by the time of the hearing, nine years after the decree became final. Consequently, the wife remained liable on the mortgage. Nothing in the decree requires the wife to agree to a loan modification to assist the husband in obtaining more favorable repayment terms and, as previously noted, the husband has failed to show grounds to set aside or modify the property settlement. Accordingly, we find no error. See Nyhan, 147 N.H. at 770.

The record supports the court's finding that the husband's request to modify alimony is based upon essentially the same facts supporting his prior

requests, which the court had previously denied.  Accordingly, res judicata applies.  See Sleeper, 157 N.H. at 533.

Finally, the husband argues that the trial court made insufficient findings to support its decision.  The record shows, however, that the husband did not request specific findings.  In the absence of such a request, the trial court is generally not required to make specific findings.  See Magrauth v. Magrauth, 136 N.H. 757, 760 (1993).  We conclude that the court's findings are sufficient for our review.  See Geiss v. Bourassa, 140 N.H. 629, 632-33 (1996).

The husband's arguments that he was denied his constitutional rights to a remedy, equal protection, and due process, are insufficiently developed and warrant no further consideration.  See Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) (off-hand invocations of constitutional rights without support by legal argument or authority warrant no extended consideration).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3