# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0160, <u>In the Matter of Kseniya Ausiaikova and Brian Meckel</u>, the court on August 6, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  The petitioner, Kseniya Ausiaikova (mother), appeals, and the respondent, Brian Meckel (father), cross-appeals, the final parenting plan ordered by the Circuit Court (<u>DalPra</u>, M., approved by <u>Chabot</u>, J.).  The mother argues that the trial court erred in deviating from the child support guidelines.  See RSA 458-C:4, II (2018).  The father argues that the trial court erred in allowing the mother to relocate with the children, <u>see</u> RSA 461-A:12 (Supp. 2020), and in not ordering the mother to pay child support.  He also argues that the court erred in concluding that payments on a loan constitute income for child support purposes.  We affirm.

We first address the father's cross-appeal.  The father first argues that the trial court erred in allowing the mother to relocate with the children to Massachusetts.  We review the trial court's relocation decision under our unsustainable exercise of discretion standard.  <u>In the Matter of Heinrich & Curotto</u>, 160 N.H. 650, 655 (2010).  We will affirm the trial court's findings and rulings unless they are unsupported by the evidence or legally erroneous.  <u>In the Matter of Lynn & Lynn</u>, 158 N.H. 615, 617 (2009).  The party seeking to relocate must prove that the relocation is for a legitimate purpose and that the proposed location is reasonable in light of that purpose.  <u>In the Matter of St. Pierre & Thatcher</u>, 172 N.H. 209, 221 (2019); RSA 461-A:12, V.

The mother sought to relocate to Massachusetts, where she works, and where she lived before moving to New Hampshire to live with the father.  The children's grandparents, aunt, and uncle live close to the mother's anticipated residence, and the mother has worked for the same Massachusetts-based employer for more than nine years.  The mother testified that the commute from New Hampshire is time-consuming and reduces her parenting time with her young children.  Her supervisor testified that working from home would impede the mother's advancement in the company.

The trial court found that the mother's relocation request is for a legitimate purpose and that the proposed relocation is reasonable in light of that purpose.  The court noted that the mother has family, friends, and a support system in Massachusetts, and that the shorter commute will allow her to advance in her company.  The trial court rejected the father's contention that the mother was merely attempting to alienate him from the children.

The father argues that the court failed to address the Tomasko factors, see Tomasko v. DuBuc, 145 N.H. 169, 172 (2000), to determine whether relocation is in the children's best interests. In determining whether a proposed relocation is in a child's best interest, the trial court should consider

> (1) each parent's reasons for seeking or opposing the move; (2) the quality of the relationships between the child and the custodial and noncustodial parents; (3) the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent; (4) the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move; (5) the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements; (6) any negative impact from continued or exacerbated hostility between the custodial and noncustodial parents; and (7) the effect that the move may have on any extended family relations.

Id. No one factor is dispositive, nor are these the exclusive factors bearing upon a determination of a child's best interest. In the Matter of Pfeuffer & Pfeuffer, 150 N.H. 257, 260 (2003). The trial court is not required to consider each factor individually or to make a specific finding as to each factor. Id.

The trial court found that the relocation and parenting schedule will "allow [the father] to continue to parent the children as well as spend time with them doing the things they enjoy together." We conclude that the trial court sufficiently addressed the Tomasko factors in concluding that the relocation is in the children's best interests. See id. Accordingly, we affirm the trial court's relocation decision. See In the Matter of Lynn, 158 N.H. at 617.

The father next argues that the trial court erred by not ordering the mother to pay child support. We will not disturb the trial court's child support ruling absent an unsustainable exercise of discretion or error of law. In the Matter of Laura & Scott, 161 N.H. 333, 335 (2010). In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain its discretionary judgment. Id. On July 8, 2021, in response to our remand order, the trial court found the father's monthly income to be $9,831.

According to the child support guidelines worksheet attached to the court's order on remand, the court found the mother's monthly income to be $11,400, which consists of $10,300 in wages and $1,100 in rental income, as stated in her financial affidavit. Thus, the court found the mother's income to be somewhat higher than the father's. However, under the parenting plan, the mother has the children approximately sixty percent of the time. The father argues that the court may order the higher income earning parent to pay child

support even if that parent has the children a greater portion of the time, citing In the Matter of Folley & Folley, 149 N.H. 393 (2003). In Folley, however, the income of the higher earning parent was more than double that of the other parent. Folley, 149 N.H. at 395. In this case, the income differential is much less substantial. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion by not ordering the mother to pay child support. See In the Matter of Laura & Scott, 161 N.H. at 335.

The father next argues that the trial court erred in concluding that the $9,831 monthly loan repayment he receives from his business constitutes income for child support purposes. It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The purpose of this preservation requirement is to afford the trial court an opportunity to correct an error it may have made. In the Matter of Mannion & Mannion, 155 N.H. 52, 54 (2007). The father owns a dry cleaning business with his father. He testified that he loaned money to the company and is being repaid $9,832 monthly. In the financial affidavit the father submitted at the November 7, 2019 hearing, he listed his income as consisting of a $9,832 monthly loan repayment from the business and no income from salary or other sources.

In his objection to the mother's motion for reconsideration of the court's final order, the father refers to the loan repayment as income, conceding that "the parties, at present make roughly the same amount of money." Based upon this record, we conclude that the father failed to preserve for appellate review the issue of whether his loan repayment constitutes income for child support purposes because he did not raise it with the trial court. See Bean, 151 N.H. at 250.

We turn next to the mother's appeal. The mother argues that the trial court erred in deviating from the child support guidelines. There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support. In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 141 (2020); RSA 458-C:4, II. This presumption may be overcome, and the trial court may deviate from the guidelines, when a party shows that the application of the guidelines would be "unjust or inappropriate," RSA 458-C:4, II, because of "[s]pecial circumstances" considered "in the light of the best interests of the child." RSA 458-C:5, I (Supp. 2020).

According to the child support guidelines worksheet attached to the court's order on remand, the guideline level of support is $1,535.60 per month. The trial court found that a guideline level of support "will be confiscatory." The court found that a downward deviation from the guidelines would be equitable and ordered the father to pay child support of $500 per month. The mother first argues that the court erred by considering her assets in deviating from the guidelines. We have held that a trial court may not consider a

3

parent's assets when determining child support.  In the Matter of Plaisted & Plaisted, 149 N.H. 522, 526 (2003).  However, in ruling upon the mother's motion for reconsideration, the court stated that, "[e]ven disregarding [the mother's] assets, the Court reaffirms its other findings."  We construe the court's order to mean that, upon reconsideration, the court did not consider the mother's assets in deciding to deviate from the guidelines.  See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court).

One special circumstance that the court may consider in deviating from the guidelines is "[r]easonable expenses incurred by the obligor parent in exercising parental rights and responsibilities, provided that the reasonable expenses incurred by the obligee parent for the minor children can be met regardless of such adjustment."  RSA 458-C:5, I (d) (Supp. 2020).  Here, the court found that the mother's relocation will add to the father's expenses in exercising his parenting time.  We construe the court's order to also find that, given that the mother "earns more than $120,000 annually," her reasonable expenses for the children can be met regardless of the adjustment.  See In the Matter of Salesky & Salesky, 157 N.H. at 702.  The record supports the trial court's findings.  See In the Matter of Peirano & Larsen, 155 N.H. 738, 749 (2007) (we will affirm court's findings if they can reasonably be made on the evidence presented).  Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in deviating from the child support guidelines.  See In the Matter of Laura & Scott, 161 N.H. at 335.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4