# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0144, <u>In the Matter of Genisa Todisco and Joe Clancey</u>, the court on January 28, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Joe Clancey (father), appeals an order of the Circuit Court (<u>Alfano</u>, J.) denying his motion to modify child support. He argues that the court erred in: (1) denying his motion and finding him in contempt of the child support order; (2) ordering that the petitioner, Genisa Todisco (mother), may claim the parties' child as a dependent on her 2020 taxes; and (3) not finding that he paid twice for child support in January 2020. We reverse and remand.

A party may apply for modification of a child support order based upon a substantial change in circumstances that makes continuing the original order "improper and unfair." <u>In the Matter of Lynn & Lynn</u>, 158 N.H. 615, 617 (2009); RSA 458-C:7, I(a) (2018). Child support should be determined based upon present income. <u>In the Matter of Ndyaija & Ndyaija</u>, 173 N.H. 127, 140 (2020). We will not disturb the trial court's child support rulings absent an unsustainable exercise of discretion or an error of law. <u>In the Matter of Laura & Scott</u>, 161 N.H. 333, 335 (2010).

In the parties' 2019 divorce decree, the court ordered the father to pay $1,150 per month in child support, based upon a monthly income of $10,950 as a sales executive and special circumstances warranting an adjustment from the child support guidelines. On August 20, 2020, the father moved to modify child support after being involuntarily terminated from his employment on July 31, 2020, through no fault of his own. The father's income was reduced to approximately $1,850 per month in unemployment benefits. The father asked the court to suspend his child support obligation until he found new employment. The court scheduled a 30-minute telephonic hearing on this motion and other pending motions for October 1, 2020.

At the hearing, the court concluded that 30 minutes was insufficient to address the pending motions and scheduled a further hearing for January 29, 2021. In the meantime, the court ordered that the "[f]ather is expected to comply with the court's support orders as ordered, or at least as he is able, and to provide proof of same."

After the January 29, 2021 telephonic hearing and "a review of the exhibits," the court denied the father's motion to modify child support. The court noted that the father "claims that he lost his job on 7/31/20." However, the court denied the motion because he "provided no proof of looking for any new job," and because he "has not explained why he cannot find work, and what the results of any job search [have] been." The court found that the father was "voluntarily unemployed/underemployed," ruled that he was in contempt for "failure to pay child support from August 2020 to the present," and stated that he "continues to owe the child support, which is accumulating."

As an initial matter, it is undisputed that the father was involuntarily terminated from his employment on or about July 31, 2020, through no fault of his own. In addition, the record shows that, prior to the January 29, 2021 hearing, the father provided the court with documentation of his efforts to obtain employment, including a list of applications he submitted and a calendar of his job interviews from August 2020 through January 2021.

In his motion for reconsideration, the father explained that it was difficult to find employment as a technology sales executive, for which travel is required, during the COVID-19 pandemic when travel restrictions were implemented, but that he continued looking. The record does not support the trial court's finding that the father was voluntarily unemployed or underemployed. See In the Matter of State of N.H. & Lounder, 166 N.H. 353, 357 (2014) (parent involuntarily terminated from employment is not voluntarily unemployed). Moreover, the trial court's finding that the father provided "no proof of looking for any new job" is directly contradicted by the listed applications and calendar of job interviews provided. In addition, child support payments resumed in April 2021, when the father obtained new employment. We conclude that the record compels a finding that the father was entitled to modification of child support based upon a substantial change in circumstances. See In the Matter of Lynn, 158 N.H. at 617. Accordingly, we reverse the court's order denying the father's motion to modify.

The record shows that the father received $427 per week in unemployment benefits from August 2020 until the week ending December 26, 2020, when he started receiving an additional $300 per week in pandemic benefits. On remand, the trial court shall use those income figures to determine the father's child support obligation during his period of unemployment.

As for the trial court's contempt finding, the court's October 1, 2020 order provided that the "[f]ather is expected to comply with the court's support orders as ordered, or at least as he is able, and to provide proof of same." The father claimed that, given his monthly expenses, including his obligation to fully support another child, he was not "able" to pay any amount of child

support. The underlying order must clearly describe what the party must do to avoid a contempt finding. <u>Dover Veterans Council v. City of Dover</u>, 119 N.H. 738, 740 (1979). Given the imprecise directive in the court's support order, we conclude that the father cannot be held in contempt of that order. Accordingly, we reverse the court's contempt finding.

The father next argues that the trial court erred in ordering that the mother is entitled to claim the child as a dependent on her 2020 taxes based upon his failure to pay child support while unemployed. The court's order was based upon its finding that the father was "behind in his child support payments," and thus ineligible to claim the child as a dependent in 2020. Given our order reversing the contempt finding and the denial of the father's motion to modify child support, we reverse the court's ruling that the father was ineligible to claim the child as a dependent in 2020. We leave it to the trial court to determine the appropriate remedy.

With respect to the father's final claim of error, we are unable to determine from the record whether the father "paid twice" for child support in January 2020, as he alleges. The trial court, with the assistance of child support enforcement, shall address this issue on remand.

<u>Reversed and remanded</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**