# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0568, <u>In the Matter of Abigail Mathewson and Mark Stuenkel</u>, the court on June 5, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The respondent, Mark Stuenkel (Father), appeals a final decision of the Circuit Court (<u>Gorman</u>, J.), issued following hearing, permitting Abigail Mathewson's (Mother) relocation to Illinois with the parties' two children. We affirm.

We review the trial court's relocation decision under our unsustainable exercise of discretion standard. <u>In the Matter of Heinrich & Curotto</u>, 160 N.H. 650, 655 (2010). "This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made." <u>Id</u>. (quotation omitted). We will affirm the trial court's findings and rulings unless they are unsupported by the evidence or legally erroneous. <u>In the Matter of Lynn & Lynn</u>, 158 N.H. 615, 617 (2009). The party seeking to relocate must prove that the relocation is for a legitimate purpose and that it is reasonable in light of that purpose. RSA 461-A:12, V. Once this is established, the burden shifts to the opposing party to show that the move is not in the best interest of the children. RSA 461-A:12, VI.

Here, Father acknowledges that Mother's reasons for seeking relocation are "perhaps minimally sufficient[.]" Father asserts, however, that when mother's marginal grounds for relocation are contrasted with the impact that the relocation will have on the children and his relationship with them, it is apparent that relocation is not in their best interest. Father also contends, that the court failed to address the <u>Tomasko</u> factors, <u>see</u> <u>Tomasko v. DuBuc</u>, 145 N.H. 169, 172 (2000), when completing its best interest analysis.

In assessing whether a proposed relocation is in a child's best interest, the trial court should consider:

(1) each parent's reasons for seeking or opposing the move; (2) the quality of the relationships between the child and the custodial and noncustodial parents; (3) the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent; (4) the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move; (5) the feasibility of preserving the

relationship between the noncustodial parent and child through suitable visitation arrangements; (6) any negative impact from continued or exacerbated hostility between the custodial and noncustodial parents; and (7) the effect that the move may have on any extended family relations.

Id. No one factor is dispositive, nor are these the exclusive factors bearing upon a determination of a child's best interest. In the Matter of Pfeuffer & Pfeuffer, 150 N.H. 257, 260 (2003). The trial court is not required to consider each factor individually or to make a specific finding as to each factor. Id.

Here, the trial court held a two-day hearing focusing solely on the proposed relocation. Through a comprehensive order, the trial court made numerous factual findings that demonstrate that the trial court thoughtfully considered the Tomasko factors. The trial court recognized that there were benefits to the relocation, for example, that the children's life with mother would be enhanced through her increased economic opportunity due to the job offer that she received from the federal government, the proximity to mother's extended family in Illinois, and a cost-of-living reduction. The trial court also acknowledged that material drawbacks existed, for instance, that Father "will not be able to attend day to day activities or school events on a regular basis as the children grow." However, it concluded that "on balance" Father had not shown that the proposed relocation is not in the children's best interest. Although the trial court's ultimate decision diverged from that of the assigned guardian ad litem, who expressed the opinion that relocation was not in the children's best interest, the trial court was not bound by the guardian ad litem's determination. See Heinrich, 160 N.H. at 657 ("The recommendations of the guardian ad litem do not, and should not, carry any greater presumptive weight than the other evidence in the case.") (citation omitted). The trial court expressly indicated that the case presented a "difficult question" and that it "considered carefully the GAL's report and testimony."

Upon a thorough review of the record and the parties' filings, we find that evidentiary support for the trial court's factual findings exists, and, therefore, that the trial court did not unsustainably exercise its discretion by approving the relocation. Lynn, 158 N.H. at 617.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**